James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Ryan Preston Dahl (*pro hac vice* pending)
Bradley Thomas Giordano (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 22-3713430 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA CALA INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229365 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA EMEA LTD., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229361 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA FEDERAL SOLUTIONS, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8174392 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS CORP., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1119726 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-3766959 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS TWO, LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2323240 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INTEGRATED CABINET SOLUTIONS INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 77-0029449 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA MANAGEMENT SERVICES INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229358 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA SERVICES INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-3159687 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA WORLD SERVICES INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229364 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OCTEL COMMUNICATIONS LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4705700 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA ASIA PACIFIC INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229362 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA COMMUNICATION INTERNATIONAL LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229828 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TECHNOLOGY CORPORATION OF AMERICA, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0599022 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UBIQUITY SOFTWARE CORPORATION, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3396232 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VPNET TECHNOLOGIES, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 77-0411193 | ) | |

4

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ZANG, INC., | ) | Case No. 17-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 61-1677229 | ) |  |

## DEBTORS' MOTION SEEKING ENTRY
## OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state as follows in support of this motion (this "Motion"):[1]

### Relief Requested[2]

1.    By this Motion, the Debtors seek entry of an order, substantially in the form
attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint
administration of these chapter 11 cases and (b) granting related relief.  Specifically, the Debtors
request that the United States Bankruptcy Court for the Southern District of New York
(the "Court") maintain one file and one docket for all of the jointly administered cases under the
case of Avaya Inc., and that the cases be administered under a consolidated caption, as follows:

---

[1]    The facts and circumstances supporting this Motion are set forth in the *Declaration of Eric Koza (I) in Support
of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed
contemporaneously herewith and incorporated by reference herein.

[2]    Capitalized terms used in this Motion and not immediately defined have the meanings given to such terms
elsewhere in this Motion or in the First Day Declaration, as applicable.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*,[3] | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

2.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

3.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Avaya Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Avaya Inc.; Avaya CALA Inc.; Avaya EMEA Ltd.; Avaya Federal Solutions, Inc.; Avaya Holdings Corp.; Avaya Holdings LLC; Avaya Holdings Two, LLC; Avaya Integrated Cabinet Solutions Inc.; Avaya Management Services Inc.; Avaya Services Inc.; Avaya World Services Inc.; Octel Communication LLC; Sierra Asia Pacific Inc.; Sierra Communication International LLC; Technology Corporation of America, Inc.; Ubiquity Software Corporation; VPNet Technologies, Inc.; and Zang, Inc.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-[_____] (___).

4.     The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*,

---

[3]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.    The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LBR 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "LBRs").

## Background

8.    The Avaya Enterprise is a multinational company that provides mission-critical, real-time communication applications to private and government customers and platforms around the world.  The Debtors provide a full complement of software and service solutions for contact centers, unified communications, and integrated networking, which software and services are offered on-premises, in the cloud, or using a hybrid cloud.  The Debtors are headquartered in

Santa Clara, California, but their operations are extensive and span across Asia, the Middle East, Europe, and the United States.

9.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis For Relief

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."[4]  The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.     Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."[5]

12.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors.[6]

---

[4]     Fed. R. Bankr. P. 1015.

[5]     11 U.S.C. § 105(a).

[6]     See, e.g., In re Sabine Oil & Gas Corporation, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Genco Shipping & Trading Ltd., No. 14-11108 (SHL)

13.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity.  The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## **Motion Practice**

15.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies LBR 9013-1(a).

## **Notice**

16.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of New York (the "U.S. Trustee"); (b) the holders of the 50

---

(Bankr. S.D.N.Y. Apr. 23, 2014); In re MPM Silicones, LLC, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); In re Sbarro LLC, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

largest unsecured claims against the Debtors (on a consolidated basis); (c) the DIP Agent; (d) counsel to the DIP Agent; (e) counsel to the Ad Hoc First Lien Group; (f) counsel to the Ad Hoc Crossover Group; (g) the Prepetition Cash Flow Agent; (h) counsel to the Prepetition Cash Flow Agent; (i) the Prepetition Domestic ABL Agent; (j) counsel to the Prepetition Domestic ABL Agent; (k) the 7.00% First Lien Notes Trustee; (l) counsel to the 7.00% First Lien Notes Trustee; (m) the 9.00% First Lien Notes Trustee; (n) counsel to the 9.00% First Lien Notes Trustee; (o) the Second Lien Notes Trustee; (p) counsel to the Second Lien Notes Trustee; (q) the PBGC; (r) the United States Attorney's Office for the Southern District of New York; (s) the Internal Revenue Service; (t) the United States Securities and Exchange Commission; (u) the Environmental Protection Agency and all similar state environmental agencies; (v) the state attorneys general; and (w) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated:  January 19, 2017

*/s/ Jonathan S. Henes, P.C.*
James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 22-3713430 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA CALA INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229365 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA EMEA LTD., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229361 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA FEDERAL SOLUTIONS, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8174392 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS CORP., | ) | Case No. 17-[_____] (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1119726 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS LLC, | ) | Case No. 17-[_____] (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-3766959 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA HOLDINGS TWO, LLC, | ) | Case No. 17-[_____] (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2323240 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INTEGRATED CABINET SOLUTIONS INC., | ) | Case No. 17-[_____] (____) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 77-0029449 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA MANAGEMENT SERVICES INC., | ) | Case No. 17-[_____] (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229358 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA SERVICES INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-3159687 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA WORLD SERVICES INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229364 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OCTEL COMMUNICATIONS LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4705700 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA ASIA PACIFIC INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229362 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA COMMUNICATION INTERNATIONAL LLC, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-2229828 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TECHNOLOGY CORPORATION OF AMERICA, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0599022 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UBIQUITY SOFTWARE CORPORATION, | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3396232 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VPNET TECHNOLOGIES, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 77-0411193 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ZANG, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1677229 | ) | |

## ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and

---

[1]    Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Motion or in the First Day Declaration, as applicable.

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 17-[_____] (___).

3.      The caption of the jointly administered cases should read as follows:

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

4.      The foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Avaya Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Avaya Inc.; Avaya CALA Inc.; Avaya EMEA Ltd.; Avaya Federal Solutions, Inc.; Avaya Holdings Corp.; Avaya Holdings LLC; Avaya Holdings Two, LLC; Avaya Integrated Cabinet Solutions Inc.; Avaya Management Services Inc.; Avaya Services Inc.; Avaya World Services Inc.; Octel Communication LLC; Sierra Asia Pacific Inc.; Sierra Communication International LLC; Technology Corporation of America, Inc.; Ubiquity Software Corporation; VPNet Technologies, Inc.; and Zang, Inc. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-[     ] ([___]).

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE