James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Ryan Preston Dahl (*pro hac vice* pending)
Bradley Thomas Giordano (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

**DEBTORS' MOTION
SEEKING ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO
(A) PREPARE A LIST OF CREDITORS IN LIEU OF
SUBMITTING A FORMATTED MAILING MATRIX
AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING THE
FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF THESE CHAPTER 11 CASES, AND (IV) REQUESTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):[2]

### Relief Requested[3]

1.      By this Motion, the Debtors seek entry of the order, substantially in the form

attached hereto as **Exhibit A** (the "Order"), in accordance with the Rule 5075-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "LBRs"), (a) authorizing the

Debtors to:  (i) prepare a consolidated list of creditors in lieu of submitting separate mailing

matrices for each Debtor (the "Creditor Matrix"), (ii) file a consolidated list of the Debtors' 50

largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and

Noticing Agent; (b) authorizing the Debtors to redact certain personal identification information

for individual creditors; (c) approving the form and manner of notifying creditors of

commencement of these chapter 11 cases; and (d) granting related relief.

---

[2]     The facts and circumstances supporting this Motion are set forth in the *Declaration of Eric Koza (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

[3]     Capitalized terms used in this Motion and not immediately defined have the meanings given to such terms elsewhere in this Motion or in the First Day Declaration, as applicable.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are Sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(1) and (d) and 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LBRs 1007-1 and 5075-1.

## Background

5.      The Avaya Enterprise is a multinational company that provides mission-critical, real-time communication applications to private and government customers and platforms around the world.  The Debtors provide a full complement of software and service solutions for contact centers, unified communications, and integrated networking, which software and services are offered on-premises, in the cloud, or using a hybrid cloud.  The Debtors are headquartered in Santa Clara, California, but their operations are extensive and span across Asia, the Middle East, Europe, and the United States.

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Basis for Relief

7.    Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and LBR 1007-1(a) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must give the debtor, the United States trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under Section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

8.    The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases. Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties-in-interest and reduce the potential for duplicate mailings. Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are

required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.

9.      More specifically, there are 18 entities that are Debtors in these chapter 11 cases. As of the Petition Date, the Debtors have borrowed or issued approximately $[6] billion in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of the Debtors' business operations.  The Debtors estimate that there are many thousands of potential creditors and parties-in-interest (on a consolidated basis) in these chapter 11 cases.  As such, requiring the Debtors to comply with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

10.      Accordingly, the Debtors, working with the Proposed Claims and Noticing Agent, have prepared a single, consolidated list of the Debtors' creditors in electronic format.  To ensure that no parties-in-interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).  The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

11.      Concurrently with the filing of this Motion, and in accordance with LBR 5075-1, the Debtors are seeking to retain Prime Clerk LLC as their notice and claims agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent").[4]  If this application is granted, the

---

[4]    The request to retain the Proposed Claims and Noticing Agent is made pursuant to Section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application Seeking Entry of an Order (I) Authorizing and Approving Employment and Retention of Prime Clerk LLC as Claims and*

(continued on next page)

Proposed Claims and Noticing Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

12.    Specifically, the Debtors propose that the Proposed Claims and Noticing Agent undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or as required by Section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto. (the "Notice of Commencement").    The Debtors believe that using the Proposed Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that otherwise fall upon the Court and the U.S. Trustee.    Additionally, the Proposed Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices.    Accordingly, the Debtors believe maintaining electronic-format lists of creditors rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs.

I.    **Cause Exists To Authorize the Debtors To Prepare a List
of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

13.    As stated above, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, the Notice Rules require a debtor to file a list containing the name and address of each creditor.    In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim

---

*Noticing Agent for the Debtors in Possession Nunc Pro Tunc to the Petition Date, and (II) Granting Related Relief*, filed contemporaneously herewith.

of the creditors holding the 20 largest unsecured claims against the debtor.   Further,
Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as
the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least
21-days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the
[Bankruptcy] Code."[5]   Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for
relief" shall be sent by mail to all creditors.   LBR 1007-1 directs a debtor to comply with any
standing orders issued by the Court regarding the filing of creditor lists.   Pursuant to
LBR 5075-1, a debtor filing a petition with more than 250 creditors, as is the case here, is
required to retain an approved claims and noticing agent pursuant to an order of the Court.

14.     Permitting the Debtors to maintain a consolidated list of their creditors in
electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of
these cases.   Indeed, because the Debtors have many thousands of potential creditors and other
parties-in-interest, converting the Debtors' computerized information to a format compatible
with the matrix requirements would be a burdensome task and would greatly increase the risk
and recurrence of error with respect to information already on computer systems maintained by
the Debtors or their agents.   As such, the Debtors submit that the proposed maintenance of an
electronic list of creditors under the auspices of the Proposed Claims and Noticing Agent is
consistent with applicable LBRs.  .

15.     The Debtors, working together with the Proposed Claims and Noticing Agent,
already have prepared a single, consolidated list of the Debtors' creditors in electronic format.
The Debtors are prepared to make that list available in electronic form to any party in interest

---

[5]     Fed. R. Bankr. P. 2002(a)(1).

who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Court's clerk's office (the "Clerk of the Court").

16.    Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors.[6]

## II.    Cause Exists To Authorize the Debtors to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors

17.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."[7]  Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

18.    Compiling separate top 20 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources.  Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

---

[6]    See, e.g., In re Sabine Oil & Gas Corp., No. 15-11835 (SCC) (Bankr. S.D.N.Y July 15, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); In re United Retail Grp., Inc., No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012). Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[7]    Fed. R. Bankr. P. 1007(d).

19.     Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.[8]

## III.    Redaction of Certain Confidential Information

20.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.[9]  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide, under seal, an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

## IV.    Authority to Mail Initial Notices to Creditors

21.     As stated above, the Debtors request that the Proposed Claims and Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases.  The

---

[8]    See, e.g., In re Sabine Oil & Gas Corp., No. 15-11835 (SCC) (Bankr. S.D.N.Y July 15, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re LightSquared, Inc., No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 15, 2012); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); In re United Retail Grp., Inc., No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

[9]    11 U.S.C. § 107(c)(1)(A).

Proposed Claims and Noticing Agent's assistance with the mailing and preparation of creditor

lists and notices will ease administrative burdens that otherwise would fall upon the Court and

the U.S. Trustee.  With such assistance, the Debtors can file a computer-readable consolidated

list of creditors and also undertake all necessary mailings.

## **Motion Practice**

22.     This Motion includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Motion.  Accordingly, the Debtors submit that this Motion satisfies LBR 9013-1(a).

## **Notice**

23.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S.

Trustee for the Southern District of New York (the "U.S. Trustee"); (b) the holders of the 50

largest unsecured claims against the Debtors (on a consolidated basis); (c) the DIP Agent;

(d) counsel to the DIP Agent; (e) counsel to the Ad Hoc First Lien Group; (f) counsel to the Ad

Hoc Crossover Group; (g) the Prepetition Cash Flow Agent; (h) counsel to the Prepetition Cash

Flow Agent; (i) the Prepetition Domestic ABL Agent; (j) counsel to the Prepetition Domestic

ABL Agent; (k) the 7.00% First Lien Notes Trustee; (l) counsel to the 7.00% First Lien Notes

Trustee; (m) the 9.00% First Lien Notes Trustee; (n) counsel to the 9.00% First Lien Notes

Trustee; (o) the Second Lien Notes Trustee; (p) counsel to the Second Lien Notes

Trustee; (q) the PBGC; (r) the United States Attorney's Office for the Southern District of New

York; (s) the Internal Revenue Service; (t) the United States Securities and Exchange

Commission; (u) the Environmental Protection Agency and all similar state environmental

agencies; (v) the state attorneys general; and (w) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be given.

## **No Prior Request**

24.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:  January 19, 2017

*/s/ Jonathan S. Henes, P.C.*

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |
|---|---|
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| AVAYA INC., *et al.*,[1] | )    Case No. 17-10089 (SMB) |
| | ) |
|              Debtors. | )    (Joint Administration Requested) |
| | ) |
| | ) |

_____

**ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) PREPARE A LIST OF CREDITORS IN LIEU OF**
**SUBMITTING A FORMATTED MAILING MATRIX**
**AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'**
**50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING**
**THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION**
**INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING THE**
**FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT**
**OF THESE CHAPTER 11 CASES, AND (IV) REQUESTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing

the Debtors to: (i) prepare a consolidated list of creditors in lieu of submitting any required

mailing matrix, (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and

(iii) mail initial notices through their Proposed Claims and Noticing Agent; (b) authorizing the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]   Capitalized terms used in this Order and not defined have the meanings given to such terms in the Motion or in the First Day Declaration as applicable.

Debtors to redact certain personal identification information for individual creditors; (c) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District Of New York*, dated December 1, 2016; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3.       In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4.       The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided*, that the Debtors shall provide an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

5.       The Notice of Commencement of these chapter 11 cases, substantially in the form attached to this Order as **Exhibit 1**, is hereby approved.

6.       The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7.       All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.       The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

3

**<u>EXHIBIT 1</u>**

**Notice of Commencement**

| Information to identify the case: | |
|---|---|

Debtor      Avaya Inc. _____      EIN __ 81 – 3159687
             Name

United States Bankruptcy Court  for the: ____Southern_____ District of __NY____
                                            (State)

Case number: _____17-10089_____

[Date case filed for chapter 11 _____ ___01/19/2017___
                                          MM / DD / YYYY  OR

[Date case filed in chapter _____
                                          MM / DD / YYYY

Date case converted to chapter 11 _____]
                                          MM / DD / YYYY

## Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                   12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| Debtor(s) (name(s) and address)[1] | Case Number | Tax Id number |
|---|---|---|
| Avaya Inc. | Case No. 17-10089 (SMB) | 81-3159687 |
| Avaya Services Inc. | Case No. 17-10088 (SMB) | 22-3713430 |
| Avaya CALA Inc. | Case No. 17-10090 (SMB) | 52-2229365 |
| Avaya EMEA Ltd. | Case No. 17-10092 (SMB) | 52-2229361 |
| Avaya Federal Solutions, Inc. | Case No. 17-10100 (SMB) | 20-8174392 |
| Avaya Holdings Corp. | Case No. 17-10098 (SMB) | 26-1119726 |
| Avaya Holdings LLC | Case No. 17-10094 (SMB) | 20-3766959 |
| Avaya Holdings Two, LLC | Case No. 17- 10095 (SMB) | 52-2323240 |
| Avaya Integrated Cabinet Solutions Inc. | Case No. 17-10108 (SMB) | 77-0029449 |
| Avaya Management Services Inc. | Case No. 17-10096 (SMB) | 52-2229358 |
| Avaya World Services Inc. | Case No. 17-10097 (SMB) | 52-2229364 |
| Octel Communications LLC | Case No. 17-10101 (SMB) | 36-4705700 |
| Sierra Asia Pacific Inc. | Case No. 17-10102 (SMB) | 52-2229362 |
| Sierra Communication International LLC | Case No. 17-10103 (SMB) | 52-2229828 |
| Technology Corporation of America, Inc. | Case No. 17-10107 (SMB) | 65-0599022 |
| Ubiquity Software Corporation | Case No. 17-10104 (SMB) | 94-3396232 |
| VPNet Technologies, Inc. | Case No. 17-10105(SMB) | 77-0411193 |
| Zang, Inc. | Case No. 17-10106 (SMB) | 61-1677229 |

**For more information, see page 2  ▶**

| 2. | All other names used in the last 8 years | | |
|---|---|---|---|
| | Avaya Asia Pacific, Inc. | | |
| | Avaya Asia Pacific, Inc. (Taiwan Branch) | | |
| | Avaya Asia Pacific, Inc. (Thailand Branch) | | |
| | Avaya EMEA Ltd. (Greece Branch) | | |
| | Avaya EMEA Ltd. (Portugal Branch) | | |
| | Avaya EMEA Ltd. (Saudi Arabia Branch) | | |
| | Avaya EMEA Ltd. (South Africa Branch) | | |
| | Avaya International LLC | | |
| | AvayaLive Inc. | | |
| | Lucent EN International LLC | | |
| | Sierra Asia Pacific, Inc. (Taiwan Branch) | | |
| | Sierra Asia Pacific, Inc. (Thailand Branch) | | |
| | Zang Communications, Inc. | | |

**3. Address**

Principal place of business

4655 Great America Parkway
Santa Clara, CA 95054

**4. Debtor's attorney**
Name and address

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Avenue
New York, New York 10022
Telephone number: (212) 446-4800

- and -

Patrick J. Nash, Jr., P.C.
Ryan Preston Dahl
Bradley Thomas Giordano Kirkland
& Ellis LLP
Kirkland & Ellis International LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone number: (312) 862-2000

Contact phone _____

Email _____

**5. Bankruptcy clerk's office**
Documents in this case may be filed at this address.
You may inspect all records filed in this case at this office or online at www.pacer.gov.

Office of the United States Trustee
80 Broad Street, 4th Floor,
New York, New York 10004-1408

Hours open _____

Contact phone _____

**6. Meeting of creditors**
The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

TBD _____ at  TBD _____
Date                Time

Location: TBD

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

| Debtor | Avaya Inc. | Case number (if known) | 17-10089 |
|---|---|---|---|
| | Name | | |

| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:** | Not yet set. If a deadline is set, the court will send you another notice. |
|---|---|---|---|

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- ▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- ▪ you file a proof of claim in a different amount; or
- ▪ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| 8. | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).<br><br>**Deadline for filing the complaint:** _____ |
|---|---|---|

| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|

| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
|---|---|---|

| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
|---|---|---|

**EXPLANATIONS**                                                           **B9F (Official Form 9F) (12/12)**

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the Debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows the Debtors to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office, the Office of the United States Trustee, and the Debtors' noticing and claims agent cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. However, parties can obtain a copy of all documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER http://www.pacer.psc.uscourts.gov password and login are needed to access documents on the Court's website), or (iii) accessing the Debtors' noticing and claims agent's website at http://cases.primeclerk.com/avaya |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office or at the Debtors' noticing and claims agent's website at http://cases.primeclerk.com/avaya. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |