Presentment Date and Time: March 9, 2016 at 12:00 p.m. (ET)
Objection Deadline: March 8, 2016 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Lorenzo Marinuzzi
Jonathan I. Levine
Todd M. Goren
Erica J. Richards

*Proposed Attorneys for the Official Committee
of Unsecured Creditors of Avaya Inc., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                  :

**In re**                                 :

                                  :         **Chapter 11**

**AVAYA INC.,** *et al.,* [1]                :         **Case No. 17-10089 (SMB)**

                                  :

           **Debtors.**                  :         **(Jointly Administered)**

                                  :
--------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED
CREDITORS REGARDING (I) CREDITOR ACCESS TO INFORMATION
PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3)(A) AND 1103(c) AND
(II) THE UTILIZATION OF PRIME CLERK LLC AS INFORMATION
AND NOTICING AGENT IN CONNECTION THEREWITH**

        **PLEASE TAKE NOTICE** that the undersigned will present the *Stipulation and Agreed Order Between Debtors and Official Committee of Unsecured Creditors Regarding (I) Creditor Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3)(A) and 1103(c) and (II) The Utilization of Prime Clerk LLC as Information And Noticing Agent in Connection Therewith* annexed as Exhibit A hereto (the "Stipulation"), to the Honorable Stuart M. Bernstein, United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

ny-1274194

States Bankruptcy Judge, for signature on March 9, 2017 at 12:00 p.m. (ET) (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that that, unless a written response or objection to entry of the Stipulation is timely filed with the Court and served upon the undersigned or raised with the Court at or prior to the Presentment Date, an order approving the Stipulation may be entered by the Court without further notice to any party.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing related shall be included in the upper right hand corner of the caption of all objections.

Dated: March 2, 2017
New York, New York

/s/ Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Lorenzo Marinuzzi
Jonathan I. Levine
Todd M. Goren
Erica J. Richards

*Proposed Attorneys for the Official
Committee of Unsecured Creditors of
Avaya Inc., et al.*

2

ny-1274194

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
                                                         :
In re                                                    :
                                                         :        Chapter 11
AVAYA INC., et al., ¹                                    :        Case No. 17-10089 (SMB)
                                                         :
          Debtors.                                       :        (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

**STIPULATION AND AGREED ORDER BETWEEN DEBTORS AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING
(I) CREDITOR ACCESS TO INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a),
1102(b)(3)(A) AND 1103(c) AND (II) THE UTILIZATION OF PRIME CLERK LLC AS
INFORMATION AND NOTICING AGENT IN CONNECTION THEREWITH**

Avaya Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee"), by and through their respective counsel, hereby enter into this stipulation and agreed order (the "Stipulation and Order") and stipulate and agree as follows:

**RECITALS**

WHEREAS, on January 19, 2017, each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code");

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

WHEREAS, on January 30, 2017, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed the Committee, which currently consists of seven members;[2]

WHEREAS, the Committee has selected Morrison & Foerster LLP ("Morrison & Foerster") to serve as its counsel, Alvarez & Marsal North America, LLC ("Alvarez & Marsal") to serve as its financial advisor, and Jefferies LLC ("Jefferies") as its investment banker (collectively, the "Committee Professionals");

WHEREAS, in order to ensure that the Committee is able to comply with its obligations under section 1102(b)(3)(A) of the Bankruptcy Code and protect the Debtors' confidential, privileged or proprietary information, the Debtors and the Committee have agreed to the Creditor Information Protocol (defined below).

**AGREED ORDER**

NOW THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS THEREFORE AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1.    Access to Creditor Information. Subject to the provisions hereof, in full satisfaction of the Committee's obligations to provide access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal or conversion of the Chapter 11 Cases, and a further order of the Court:

> (a)    Establish and maintain an Internet-accessed website (the "Committee Website") that may provide, without limitation:

---

[2] The Committee is currently comprised of the following entities: (i) AT&T Services, Inc.; (ii) Communications Workers of America; (iii) Flextronics Telecom Systems, Ltd.; (iv) Network-1 Technologies, Inc.; (v) the Pension Benefit Guaranty Corporation; (vi) SAE Power, Inc. and SAE Power Company; and (vii) Wistron Corporation  (each a "Member").

     i.     general information concerning the Debtors, including case docket, access to docket filings, and general information concerning significant parties in the Chapter 11 Cases;

     ii.     contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel, and the Committee's counsel;

     iii.     highlights of significant events in the Chapter 11 Cases;

     iv.     the date by which unsecured creditors must file their proofs of claim;

     v.     the voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

     vi.     a calendar with upcoming significant events in the Chapter 11 Cases;

     vii.     access to the claims docket as and when established by the Debtors or Prime Clerk LLC, the claims and noticing agent for the Debtors retained in the Chapter 11 Cases;

     viii.     the Debtors' monthly operating reports;

     ix.     a general overview of the chapter 11 process;

     x.     press releases (if any) issued by each of the Committee and the Debtors;

     xi.     a non-public form to submit creditor questions, comments and requests for access to information;

     xii.     responses to creditor questions, comments and requests for access to information; provided, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in the light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading constraints;

     xiii.     answers to frequently asked questions; and

     xiv.     links to other relevant websites (e.g., the Debtors' corporate website, the website maintained by Prime Clerk LLC on behalf of the Debtors, and the website of the U.S. Trustee).

(b)     Establish and maintain a telephone number and electronic mail address for creditors to submit questions and comments.

3

2.      Confidential Information. Notwithstanding anything contained herein to the contrary, the Committee shall not disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") any "Confidential Information," which shall include the following three types of information:

(a)     "Debtor Confidential Information" shall mean any nonpublic information marked or designated by the Debtors or their representatives or advisors as being "confidential" concerning the Debtors, any of their affiliates (including, without limitation, their non-debtor affiliates) or the Chapter 11 Cases, irrespective of form or medium of communication (including all written, oral, visual and electronic communications and all information posted in any electronic data room), including, without limitation, information concerning the Debtors' assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, intellectual property, trade secrets and compilations and studies relating to the foregoing, which is furnished, disclosed or made known to any Member of the Committee or the Committee Professionals (each in their capacity as such) by or on behalf of the Debtors or their representatives or advisors, whether voluntarily or involuntarily, (collectively, with any notes, analyses, reports, models, forecasts, projections, compilations, studies, interpretations, documents or records to the extent containing, based upon, derived from, disclosing or discussing any such information, in whole or in part, whether generated by the Committee, the Committee Professionals, or otherwise (including all summaries thereof or information derived therefrom)). Notwithstanding anything to the contrary herein, Debtor Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Committee or the Committee Professionals from a source other than the Debtors or their representatives or advisors, to the extent that the Committee or Committee Professional, as applicable, believes, after reasonable inquiry, that such information became so available other than by a violation of a contractual, legal or fiduciary obligation to any of the Debtors; or (ii) was in the possession of the Committee or the Committee Professionals on a non-confidential basis prior to its disclosure by the Debtors.

(b)     "Committee Confidential Information" shall mean any non-public information developed independently or obtained from third parties other than the Debtors, including, but not limited to, any recommendations or reports to Committee members prepared by its professionals, and/or any information deemed by the Committee Professionals to be of a sensitive and confidential nature.

4

(c)    "Privileged Information" shall mean information subject to the attorney-client, work-product, or some other state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

3.    Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Stipulation and Order but, rather, by any order governing such discovery, to the extent that any such order has been entered; provided, that any information received by the Committee from the Debtors shall be governed by this Stipulation and Order and the Committee bylaws.

4.    Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request (including on the Committee Website or by electronic mail) (the "Information Request") for the Committee to disclose information, counsel to the Committee shall, as soon as reasonably practicable, (a) provide a response to the Information Request (including on the Committee Website) (the "Response"), including by providing access to the information requested or stating the reasons the Information Request cannot be complied with, and (b) provide the Debtors with notice of the Information Request and a copy of any Response to the Requesting Creditor. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that is not to be disclosed pursuant to the terms of this Stipulation and Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the

5

hearing on such motion shall be noticed and scheduled pursuant to the case management order entered in the Chapter 11 Cases on February 15, 2017 [Docket No. 160] (the "Case Management Order"). The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or the Debtors objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or protected by the attorney-client, work-product, or any other privilege. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or subject to the attorney-client, work-product, or other privilege.

5.     In its Response to an Information Request for access to Confidential Information, the Committee shall consider, in consultation with the Debtors, whether:

    (a)     the Requesting Creditor is willing to enter into a reasonable confidentiality agreement acceptable to the Committee and the Debtors and agree to reasonable trading restrictions with respect to such Confidential Information and to represent that such trading restrictions and any information-screening process complies with applicable securities laws, bankruptcy rules, or contract; provided, however, that

        i.     if the Requesting Creditor is involved in purchasing, selling, or trading equity in or claims against the Debtors, the Requesting Creditor must file with the Court and serve upon counsel to the Committee, the Debtors, and the U.S. Trustee a document (x) confirming that it has established an information screening barrier ("Screening Wall") that will be enforced, (y) representing that no Confidential Information will be revealed to any persons or entities involved in the trading of equity or claims, and (z) listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

6

      ii.      if the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, then no information will be disclosed unless the Court orders such disclosure after notice and a hearing; and

    (b)    under the particular facts, such confidentiality agreement and any information-screening process that the Requesting Creditor implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality agreement and trading restrictions, neither the Debtors nor the Committee shall have responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

6.    Release of Confidential Information of Third Parties. In addition, if the Information Request implicates Confidential Information and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, then the Committee shall make a request (the "Committee Information Request") for the benefit of the Debtors' creditors pursuant to the following procedures: (a) if the Confidential Information is Debtor Confidential Information, the Committee shall submit a written request, each captioned as a "Committee Information Request," to the counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C. and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, Jr., P.C. and Ryan Preston Dahl, P.C. ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the Committee Information Request unless the Debtors object to such Committee Information Request on or before the twenty-first (21) day after the service of such Committee Information Request; and, to the extent that the Debtors lodge such an objection to a Committee Information Request, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court

7

pursuant to the Case Management Order seeking a ruling with respect to the Committee Information Request under section 704(a)(7) of the Bankruptcy Code; and (b) if the Confidential Information is Committee Confidential Information obtained from another Entity, the Committee shall submit a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Request unless such Entity or the Debtors object to such Committee Information Request on or before fifteen (15) days after the service of such Committee Information Request; and, to the extent that such an Entity or the Debtors lodge such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court pursuant to the Case Management Order seeking a ruling with respect to the Committee Information Request. In the event of any objection to the disclosure of Confidential Information pursuant to this paragraph, no such information shall be disclosed except to the extent provided in an order by the Court that has become final and non-appealable.

7.      Any Information Request must include information regarding the Requesting Creditor's claim against the Debtors sufficient to satisfy the Committee, in its sole discretion, that such Requesting Creditor holds claims of the kind represented by the Committee. Nothing in this Stipulation and Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

8.      Exculpation. None of the Debtors, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in

ny-1271806

such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of this Stipulation and Order, the Committee Website and other information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 8 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

9.    Retention of Information and Noticing Agent. The Committee shall be permitted to utilize Prime Clerk LLC for the purposes of (i) establishing and maintaining the Committee Website and (ii) serving as information and noticing agent for the Committee pursuant to sections 1102(b)(3)(A) and 1103(a) of the Bankruptcy Code.

10.    Notwithstanding anything herein to the contrary, Morrison & Foerster, Alvarez & Marsal, and Jefferies, each in their capacities as advisors to the Committee, shall not disclose any Confidential Information that the Debtors or their representatives or advisors have designated to be for "Professionals' Eyes Only," unless and until the Debtors consent to disclosure of such information in writing or such disclosure is ordered by the Bankruptcy Court.

9

11.     Nothing in this Stipulation and Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

12.     For the avoidance of doubt, nothing in this Stipulation and Order shall supersede, alter or override the confidentiality provisions contained in the Committee's bylaws or any other applicable confidentiality arrangement entered into by the Committee or any of its Members.

13.     This Stipulation and Order shall be effective as of the date that the Stipulation and Order is entered by the Bankruptcy Court, provided, however, the terms of this Stipulation and Order shall apply to all information governed by this Stipulation and Order, including information in the Committee's possession prior to the date of entry of this Stipulation and Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and Order.

[Signature Page to Follow]

ny-1271806

Date: March 2, 2017

MORRISON & FOERSTER LLP

By:     /s/ Lorenzo Marinuzzi
Lorenzo Marinuzzi
Jon I. Levine
Todd M. Goren
Erica J. Richards
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York  10019
Telephone:  (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for Official Committee of
Unsecured Creditors of Avaya Inc., et al.*

KIRKLAND & ELLIS LLP

By:     /s/ Ryan Preston Dahl
James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

            - and -

Patrick J. Nash, Jr., P.C. (*pro hac vice*)
Ryan Preston Dahl (*pro hac vice*)
Bradley Thomas Giordano (*pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Debtors and Debtors in
Possession*

Dated: New York, New York,
_____, 2017

_____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge