Hearing Date and Time:  April 25, 2017 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  April 18, 2017 at 4:00 p.m. (prevailing Eastern Time)

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

KE 46293465

**NOTICE OF MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING
THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on April 11, 2017, Avaya Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Motion Seeking Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"). A hearing on the Motion will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York 10004-1408, on **April 25, 2017, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (each, an "Objection") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 160] (the "Case Management Order"), and shall be filed with the Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served—so as to be actually received no later than **April 18, 2017, at 4:00 p.m. (prevailing**

2

**Eastern Time)** (the "Objection Deadline")—on each of the Standard Parties (as defined in the Case Management Order), including:

    a.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Jonathan Henes, P.C., Esq. and Christopher J. Kochman, Esq.) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Patrick J. Nash, P.C., Esq. and Ryan Preston Dahl, Esq.), the proposed attorneys for the Debtors;

    b.    The United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq.);

    c.    Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi, Esq. and Jonathan I. Levine, Esq.), the proposed attorneys to the Official Committee of Unsecured Creditors;

    d.    Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, New York 10017 (Attn: Damian Schaible, Esq.), the attorneys to the DIP Agent;

    e.    Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, New York, New York, 10036, (Attn: Philip Dublin, Esq. and Naomi Moss, Esq.), the attorneys to the Ad Hoc First Lien Group; and

    f.    Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq. and Sayan Bhattacharyya, Esq.), the attorneys to the Ad Hoc Crossover Group.

**PLEASE TAKE FURTHER NOTICE** that if no Objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

KE 46293465

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/avaya. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: April 11, 2017<br>New York, New York | */s/ Jonathan S. Henes, P.C.*<br>James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900 |
| | - and - |
| | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200 |
| | *Counsel to the Debtors and Debtors in Possession* |

4

Hearing Date and Time:  April 25, 2017 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  April 18, 2017 at 4:00 p.m. (prevailing Eastern Time)

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| AVAYA INC., *et al*.[1] | ) Case No. 17-10089 (SMB) |
| Debtors. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

KE 46293465

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING
THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the Debtors' exclusive right to file a chapter 11 plan by approximately 120 days through and including September 16, 2017 (the "Filing Exclusivity Period"), and to solicit votes thereon by approximately 120 days through and including November 15, 2017 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6

4. The statutory bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rule 9006.

## Preliminary Statement

5. Less than three months from the Petition Date, the Debtors have made substantial progress towards achieving their restructuring goals, but significant work remains to be done. The Debtors therefore seek a 120-day extension of the Exclusivity Periods to permit the Debtors to continue working toward their goal of confirming a consensual, value-maximizing chapter 11 plan of reorganization.

6. In a short amount of time, the Debtors have made significant steps toward a successful restructuring. Among other things, the Debtors have:

- stabilized operations and ensured a smooth transition into chapter 11 through the approval of over ten first day motions, including garnering crucial authority to pay certain critical vendors and continue important customer programs, honor wages and non-insider incentive programs in the ordinary course of business, and maintain their cash management system;

- coordinated critical efforts in connection with the Debtors' valuable customer and vendor relationships, requiring review and analysis of hundreds of complex, large, and highly technical contracts, including executory contracts;

- negotiated and obtained final approval for the Debtors' twelve-month, $725 million debtor-in-possession financing facility (the "DIP Facility") and use of cash collateral [Docket No. 230] which, though heavily negotiated, was achieved on a fully-consensual basis;

- promptly completed their schedules of assets and liabilities and statements of financial affairs, which required review and analysis of tens of thousands of claims, assets, and contracts of each of the Debtors, culminating in the filing of those documents on March 30, 2017 [Docket Nos. 337, 338];

- obtained entry of the claims bar date in these chapter 11 cases to facilitate the timely administration of their claims pool and have begun the process of reconciling claims and interests as promptly as possible;

- secured a stalking-horse bidder for the Debtors' "networking" business segment (the "Networking Business"), and obtained approval for bidding procedures related thereto [Docket No. 356], putting the Debtors on-track for a May 25, 2017 sale hearing;

- preparing a business plan and related materials, which together lay the groundwork for a plan of reorganization;[2]

- and presenting the business plan and related documents to all major creditor constituencies or their advisors in order to ensure progress on a potentially consensual path toward exiting chapter 11;

- all the while, continuing their dialogue, marked by ongoing, substantive discussions, with many of their stakeholder groups and/or their advisors, including the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee"), an ad hoc group of holders of the Debtors' first lien indebtedness (the "Ad Hoc First Lien Group"), and an ad hoc group of cross-holders of both the Debtors' first lien debt and second lien debt (the "Ad Hoc Crossover Group," and, together with the Ad Hoc First Lien Group, the "Ad Hoc Groups"), with the ultimate goal of a consensual confirmation process and the Debtors' timely emergence from bankruptcy.

Moreover, these chapter 11 cases have been broadly characterized by consensus-building and negotiation, as demonstrated by the general lack of contested motion practice to date before the Court.

7. But, as noted above, given the size and complexity of these chapter 11 cases, much work remains to be done. Among other things, the Debtors remain focused on: (a) further engaging with their stakeholders and/or their advisors, including the Creditors' Committee, the Ad Hoc Groups, and other stakeholders, with the ultimate goal of a value-maximizing (and, if possible, consensual) plan of reorganization; (b) successfully completing the marketing and sale

---

[2] The Debtors intend to file a plan of reorganization and related disclosure statement in the near-term and in advance of the Court's hearing to consider the relief requested by this Motion.

8

process for their Networking Business; (c) evaluating and making decisions regarding the assumption or rejection of executory contracts and leases; and (d) soliciting votes for and obtaining plan confirmation.

8. The Debtors' progress to date has been achieved in no small part due to the breathing room provided by chapter 11. With the vast majority of the Debtors' operational relief addressed, the Debtors can fully focus their attention on negotiating and implementing a plan of reorganization with the goal of achieving the highest and best recovery for its stakeholders and avoiding needless or wasteful litigation. The Debtors should be permitted to continue these negotiations and discussions, undistracted by competing plan proposals that may reset or alter the timeline and hinder the Debtors' hard-earned progress. The Debtors believe that maintaining their exclusive right to file and solicit votes on a chapter 11 plan is critical to their ability to complete this process and achieve their remaining goals as efficiently and expeditiously as possible without the risk of the substantial additional costs and disruption that could follow an expiration of the Exclusivity Periods. Accordingly, the Debtors request an extension of the Exclusivity Periods to allow the Debtors to continue to focus on finalizing the progress to date and to preclude the costly disruption that would occur if competing plans were to be proposed.

## Basis for Relief

9. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's

9

business may be rehabilitated and a consensual plan may be negotiated."[3] In these chapter 11 cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on May 19, 2017, and July 18, 2017, respectively, absent further order of the Court.

10. Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."[4] Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement."[5] Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.[6]

11. Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.[7] In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested

---

[3] In re Burns and Roe Enters., Inc., No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005).

[4] 11 U.S.C. § 1121(d).

[5] H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); see also In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility").

[6] See In re Texaco Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

[7] See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

KE 46293465

extension of exclusivity . . . should be granted."[8]  In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include the following:[9]

    (a)    the size and complexity of the case;

    (b)    the existence of good faith progress toward reorganization;

    (c)    the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    (d)    whether the debtor is paying its debts as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress negotiating with creditors;

    (g)    the amount of time which has elapsed in the case;

    (h)    whether the debtor is seeking an extension to pressure creditors; and

    (i)    whether an unresolved contingency exists.

12.    Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.[10]  For example, both Congress and courts have recognized that the

---

[8] In re Global Crossing Ltd., 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); see also In re Borders Grp., Inc., 460 B.R. 818, 822 (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy").

[9] See In re Adelphia Commc'ns Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); McLean Indus., 87 B.R. at 834; see also Dow Corning, 208 B.R. at 664 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); In re Friedman's Inc., 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same).

[10] See, e.g., Express One, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986)

KE 46293465

size and complexity of a debtor's case alone may constitute cause for for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan.[11]

13. Since the Petition Date, the Debtors have engaged with their stakeholders and/or their advisors, including the Ad Hoc Groups and the Creditors' Committee, in an effort to reach consensus on the terms of the Debtors' restructuring and ultimate emergence from bankruptcy. Over this time, the Debtors have secured the DIP Facility, obtained a stalking horse bidder and approval of bidding procedures for their Networking Business, and completed their business plan. An extension of the Exclusivity Periods will thus provide the Debtors with the necessary time to complete their restructuring initiatives while these cases are administered as efficiently as possible for the benefit of the Debtors' stakeholders and other parties-in-interest.

14. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex.* These chapter 11 cases involve 18 Debtor entities, which have over 2,800 employees, two U.S. pension plans, and approximately $6 billion in funded debt. Complicating matters, the Debtors' business operations rely in part on their international footprint, which extends to over 150 non-Debtor affiliates who operate in countries across the globe. The Debtors' challenges are further compounded by a complex corporate and capital structure as well as a transforming telecommunications industry marked by fierce market competition.

---

(finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); In re Texaco, Inc., 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity).

[11] H.R. No. 95-595, at 231-232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); see also Texaco, 76 B.R. at 326 ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

12

- *The Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.* As noted above, the Debtors have already hit key milestones necessary for their ultimate reorganization, including a review of the Debtors' business plan and related materials with the Ad Hoc Groups, Creditors' Committee, and/or their advisors, the completion and filing of their schedules and statements, the setting of a claims bar date, and the negotiation and implementation of a twelve-month, $725 million DIP Facility. The Debtors will continue to negotiate in good faith with key stakeholders around the terms of their ultimate reorganization.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* The Debtors are requesting an extension of the Exclusivity Periods in order to maintain focus on completing their restructuring initiatives and to allow the restructuring process to continue unhindered by competing plans. Continued exclusivity will permit the Debtors to maintain flexibility so competing plans do not derail the Debtors' restructuring process. Moreover, throughout these chapter 11 cases, the Debtors have had ongoing and transparent communications with their major creditor groups. Among other things, the Debtors have produced a number of documents in response to informal discovery requests, have regularly updated creditor groups regarding material developments, and have organized in-person discussions regarding the structure of a plan of reorganization. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- *The Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, the Debtors have paid their vendors and third party partners in the ordinary course of business or as otherwise provided by Court order. Importantly, the Debtors maintain their ability to continue to pay their bills throughout these chapter 11 cases in light of the liquidity provided by the DIP Facility.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* As discussed above, during their short time in chapter 11, the Debtors have already taken significant steps toward reorganization, including the preparation and filing of their schedules of assets and liabilities and statements of financial affairs, the timely development of a comprehensive business plan and related analysis, and ongoing dialogue and communication with their Ad Hoc Groups, Creditors' Committee, and/or their advisors.

- *These Cases Are Less Than Three Months Old.* The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes less than three months after the Petition Date. As discussed above, during this short time, the Debtors have accomplished a great deal and continue to work diligently towards their timely emergence from chapter 11.

13

- *An Extension Will Not Pressure Creditors.* The Debtors are not seeking an extension of the Exclusive Periods to pressure or prejudice any of their stakeholders. All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases. The Debtors are seeking an extension of the Exclusive Periods to preserve and capitalize on the progress made to date in their restructuring negotiations.

15. An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these chapter 11 cases. Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

## Motion Practice

16. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

17. The Debtors shall provide notice of this Motion to: (a) the Standard Parties; and (b) the Rule 2002 Parties.[12] The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

---

[12] Capitalized terms used but not defined in this Paragraph 17 shall have the meanings set forth in the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 160].

14

KE 46293465

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  April 11, 2017<br>New York, New York | */s/ Jonathan S. Henes, P.C.*<br>James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |

15

KE 46293465

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF
THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (I) extending the Debtors' Filing Exclusivity Period through and including September 16, 2017, and the Debtors' Soliciting Exclusivity Period through and including November 15, 2017, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (II) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 46293465

this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT::

1. The Motion is granted as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including September 16, 2017.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including November 15, 2017.

4. Nothing herein shall prejudice (a) the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code, or (b) the rights of any party in interest to object to any further extension requests.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

2

6.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2017

                THE HONORABLE STUART M. BERNSTEIN
                UNITED STATES BANKRUPTCY JUDGE

3