**Presentment Date and Time: May 3, 2017 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 26, 2017 at 4:00 p.m. (prevailing Eastern Time)**

| | |
|---|---|
| James H.M. Sprayregen, P.C. | Israel Goldowitz, *Chief Counsel* |
| Jonathan S. Henes, P.C. | Kartar S. Khalsa, *Deputy Chief Counsel* |
| KIRKLAND & ELLIS LLP | Stephanie Thomas, *Assistant Chief Counsel* |
| KIRKLAND & ELLIS INTERNATIONAL LLP | Cassandra B. Caverly |
| 601 Lexington Avenue | Jean Marie Breen |
| | Erin C. Kim |
| New York, New York 10022 | Hannah Kaplan |
| Telephone: (212) 446-4800 | |
| Facsimile: (212) 446-4900 | *Attorneys* |
| | PENSION BENEFIT GUARANTY |
| - and - | CORPORATION |
| | Office of the Chief Counsel |
| Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) | 1200 K Street, N.W., Suite 340 |
| Ryan Preston Dahl (admitted *pro hac vice*) | Washington, D.C. 20005-4026 |
| Bradley Thomas Giordano (admitted *pro hac vice*) | Telephone: (202) 326-4020, ext. 6778 |
| KIRKLAND & ELLIS LLP | Facsimile: (202) 326-4112 |
| KIRKLAND & ELLIS INTERNATIONAL LLP | Emails: caverly.cassandra@pbgc.gov *and* |
| 300 North LaSalle Street | efile@pbgc.gov |
| Telephone: (312) 862-2000 | |
| Facsimile: (312) 862-2200 | *Counsel to Pension Benefit Guaranty Corporation* |
| *Counsel to the Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

### NOTICE OF PRESENTMENT OF JOINT STIPULATION AND AGREED ORDER PERMITTING PENSION BENEFIT GUARANTY CORPORATION TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

**PLEASE TAKE NOTICE** that on April 19, 2017, Avaya Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Joint Stipulation and Agreed Order Permitting Pension Benefit Guarantee Corporation to File Consolidated Claims Under One Case Number* (the "Stipulation"). The Stipulation will be presented for signature to the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York 10004-1408, on **May 3, 2017, at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Stipulation (each, an "Objection") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 160] (the "Case Management Order"), and shall be filed with the Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served—so as to be actually received no later than **April 26, 2017, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline")—on each of the Standard Parties (as defined in the

2

Case Management Order), including:

    a.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Jonathan Henes, P.C., Esq. and Christopher J. Kochman, Esq.) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Patrick J. Nash, P.C., Esq. and Ryan Preston Dahl, Esq.), the proposed attorneys for the Debtors;

    b.    The United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq.);

    c.    Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi, Esq. and Jonathan I. Levine, Esq.), the proposed attorneys to the Official Committee of Unsecured Creditors;

    d.    Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, New York 10017 (Attn: Damian Schaible, Esq.), the attorneys to the DIP Agent;

    e.    Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, New York, New York, 10036, (Attn: Philip Dublin, Esq. and Naomi Moss, Esq.), the attorneys to the Ad Hoc First Lien Group; and

    f.    Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq. and Sayan Bhattacharyya, Esq.), the attorneys to the Ad Hoc Crossover Group.

**PLEASE TAKE FURTHER NOTICE** that if no Objections or other responses are timely filed and served with respect to the Stipulation, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Stipulation, which order the Court may enter without further notice or opportunity to be heard.

| | |
|---|---|
| Dated:  April 19, 2017<br>New York, New York | /s/ *Jonathan S. Henes, P.C.*<br>James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession*<br><br>- and -<br><br>/s/ *Cassandra B. Caverly*<br>  Israel Goldowitz, *Chief Counsel*<br>  Kartar S. Khalsa, *Deputy Chief Counsel*<br>  Stephanie Thomas, *Assistant Chief Counsel*<br>  Cassandra B. Caverly, *Attorney*<br>  PENSION BENEFIT GUARANTY CORPORATION<br>  Office of the Chief Counsel<br>  1200 K Street, N.W., Suite 340<br>  Washington, D.C. 20005-4026<br>  Telephone: (202) 326-4020, ext. 6778<br>  Facsimile: (202) 326-4112<br>  Emails: caverly.cassandra@pbgc.gov *and*<br>            efile@pbgc.gov<br><br>*Counsel to Pension Benefit Guaranty Corporation* |

2

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue

New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

    - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

Israel Goldowitz, *Chief Counsel*
Kartar S. Khalsa, *Deputy Chief Counsel*
Stephanie Thomas, *Assistant Chief Counsel*
Cassandra B. Caverly
Jean Marie Breen
Erin C. Kim
Hannah Kaplan

*Attorneys*
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 6778
Facsimile: (202) 326-4112
Emails: caverly.cassandra@pbgc.gov *and* efile@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| AVAYA INC., *et al.*,[1] | ) )  Case No. 17-10089 (SMB) |
| Debtors. | ) )  (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

**JOINT STIPULATION AND AGREED ORDER
PERMITTING PENSION BENEFIT GUARANTY CORPORATION
TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC," together with the Debtors, the "Parties") have agreed and stipulate that, subject to the approval of the Court, the PBGC shall be permitted to file consolidated proofs of claim which will be deemed to be filed against each Debtor in these jointly-administered proceedings solely under the case caption of the lead case, *In re Avaya Inc., et al.*, Case No. 17-10089 (SMB) (the "Lead Case"), on the following terms and conditions:

**RECITALS**

1. On January 19, 2017, each of the Debtors commenced a case by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 20, 2017, this Court entered an order [Docket No. 46] consolidating the Debtors' cases for procedural purposes only, and the Debtors' cases are being jointly administered under Case No. 17-10089 (SMB).

2. On March 8, 2017, the Debtors filed a motion for an order establishing the deadline for filing proofs of claim (the "Bar Date Motion") [Docket No. 218].

3. On March 22, 2017, the Court entered an order establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim (the "Bar Date Order") [Docket No. 301] against any of the Debtors and approved the notices of bar dates substantially in the form attached as Exhibit A to the Bar Date Motion (the "Bar Date Notices").

4. PBGC is a wholly owned United States Government corporation and an agency of the United States that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*,

6

29 U.S.C. §§ 1001, et seq.

5.     Debtor Avaya Inc. is the contributing sponsor of: (a) the Avaya Inc. Pension Plan for Salaried Employees; and (b) the Avaya, Inc. Pension Plan (together, the "Qualified Pension Plans").

6.     PBGC asserts that each other Debtor is a member of Debtor Avaya Inc.'s controlled group as defined in 29 U.S.C. § 1301(a)(14). PBGC has, therefore, concluded that it must file six separate proofs of claim against each of the Debtors, representing the claims for which PBGC asserts that the Debtors are jointly and severally liable to the Qualified Pension Plans and PBGC under 29 U.S.C. §§ 1306, 1307 and 1362. Since 18 Debtors have filed petitions for relief to date, PBGC would be required to file at least 108 separate proofs of claim. These multiple claims would impose a significant and unnecessary administrative burden on the Debtors, PBGC, and the Court.

**AGREED ORDER**

1.     Notwithstanding anything to the contrary set forth in the the Bar Date Order, the Bar Date Notices, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or local bankruptcy rules that would otherwise require PBGC to file a separate proof of claim against each Debtor on account of each claim against such entity, any proof of claim or amendment thereto against Debtor Avaya Inc. filed by PBGC on its own behalf or on behalf of the Qualified Pension Plans in the Lead Case shall be deemed to be filed against such Debtor in such case and also against each of the other 17 Debtors in their respective cases.[1]

---

[1] Case Nos. 17-10088, 17-10090, 17-10092, 17-10094, 17-10095, 17-10096, 17-10097, 17-10098, 17-10100, 17-10101, 17-10102, 17-10103, 17-10104, 17-10105, 17-10106, 17-10107, and 17-10108.

2. This Stipulation is intended solely for administrative convenience, and except to the extent expressly set forth herein, this Stipulation shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any of the Debtors, PBGC, or any other party in interest, including with respect to the allowance, amount, or priority of PBGC's claims or with respect to any objection, defense, offset, or counterclaim related to PBGC's claims or any party's rights to contest or object to any proofs of claim filed by PBGC on any grounds not inconsistent with this stipulation.

3. Unless the Debtors and PBGC expressly agree otherwise, this Stipulation shall also apply to any amended proofs of claim filed by PBGC. The Debtors hereby reserve all rights with respect to such amendments, including but not limited to their right to object to such amendments on any grounds not inconsistent with this Stipulation.

4. Nothing herein shall constitute an acknowledgement or finding as to whether the Debtors are jointly and severally liable to the Qualified Pension Plans or PBGC, and all parties reserve all rights with respect to the Debtors' liability to the Qualified Pension Plans or PBGC. This stipulation shall not be used for any purpose other than allowing the PBGC to file consolidated proofs of claim and any amendments thereto in the Lead Case.

5. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which together shall constitute one and the same document.

6. The Court shall retain jurisdiction over all matters or disputes concerning this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

**STIPULATED AND AGREED TO THIS 19TH DAY OF APRIL, 2017:**

| | |
|---|---|
| */s/ Jonathan S. Henes, P.C.* | */s/ Cassandra B. Caverly* |
| James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br><br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>    - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle Street<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* | Israel Goldowitz, *Chief Counsel*<br>Kartar S. Khalsa, *Deputy Chief Counsel*<br>Stephanie Thomas, *Assistant Chief Counsel*<br>Cassandra B. Caverly<br>Jean Marie Breen<br>Erin C. Kim<br>Hannah Kaplan<br><br>*Attorneys*<br>PENSION BENEFIT GUARANTY CORPORATION<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 340<br>Washington, D.C. 20005-4026<br><br>Telephone: (202) 326-4020, ext. 6778<br>Facsimile: (202) 326-4112<br>Emails: caverly.cassandra@pbgc.gov *and* efile@pbgc.gov<br><br>*Counsel to Pension Benefit Guaranty Corporation* |

Date:_____, 2017
New York, New York

**SO ORDERED.**

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE