Hearing Date and Time: May 25, 2017 at 10:00 a.m.
Objection Deadline: May 18, 2017 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| AVAYA INC., *et al.*,[1] | Case No. 17-10089-smb |
| Debtors. | Jointly Administered |

### NOTICE OF MARLENE CLARK'S MOTION FOR ORDER DETERMINING SURVIVORSHIP BENEFITS UNDER SUPPLEMENTAL PLAN ARE "RETIREE BENEFITS" UNDER BANKRUPTCY CODE SECTION 1114(a), COMPELLING COMPLIANCE WITH SECTION 1114(e), AND APPOINTING AN OFFICIAL COMMITTEE UNDER SECTION 1114(d)

PLEASE TAKE NOTICE that a hearing on the attached motion will be held before the Honorable Stuart M. Bernstein in Courtroom 723 of the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004, on **May 25, 2017 at 10:00 a.m.**

PLEASE TAKE FURTHER NOTICE that any objection to the motion must be filed with the Court, and served on movant's undersigned counsel so as to be received by **May 18, 2017 at 4:00 p.m.**, with a courtesy copy delivered to chambers at the time of service.

Dated: May 5, 2017
      New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Marlene Clark*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax ID number, are: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). Their address is: 4655 Great America Parkway, Santa Clara, California 95054.

Hearing Date and Time: May 25, 2017 at 10:00 a.m.
Objection Deadline: May 18, 2017 at 4:00 p.m.

Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Marlene Clark*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| AVAYA INC., *et al.*,[1] | Case No. 17-10089-smb |
| Debtors. | Jointly Administered |

**MARLENE CLARK'S MOTION FOR ORDER
DETERMINING SURVIVORSHIP BENEFITS UNDER SUPPLEMENTAL PLAN
ARE "RETIREE BENEFITS" UNDER BANKRUPTCY CODE SECTION 1114(a),
COMPELLING COMPLIANCE WITH SECTION 1114(e), AND APPOINTING
AN OFFICIAL COMMITTEE UNDER SECTION 1114(d)**

Marlene Clark, the surviving spouse of retiree Stephan Clark and a beneficiary under the Avaya Inc. Supplemental Pension Plan (the "Supplemental Plan"), moves for an order, substantially in the form attached hereto as Exhibit 1, (1) determining that monthly payments to surviving spouse beneficiaries under the Supplemental Plan are "retiree benefits" under Bankruptcy Code section 1114(a), (2) compelling the immediate reinstatement of monthly payments to surviving spouse beneficiaries under the Supplemental Plan pursuant to section 1114(e)(1), (3) directing that monthly payments to surviving spouse beneficiaries that have accrued during the chapter 11 case of Avaya Inc. ("Avaya") be afforded administrative priority

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax ID number, are: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). Their address is: 4655 Great America Parkway, Santa Clara, California 95054.

pursuant to section 1114(e)(2) and paid, and (4) appointing an Official Committee pursuant to section 1114(d), and states:

## PRELIMINARY STATEMENT

Following the petition date, Avaya terminated monthly payments to <u>all</u> Supplemental Plan beneficiaries without prior Court authorization, presumably on the grounds that monthly payments to retirees are not "retiree benefits" under section 1114(a). However, monthly payments to their surviving spouses are plainly "payments … for the purpose of providing … for retired employees and their spouses … benefits in the event of … death under any plan … maintained … by the debtor" under section 1114(a). Accordingly, pursuant to section 1114(e)(1), surviving spouses' benefits never should have been terminated and Avaya's obligation to pay the same should be immediately reinstated. In addition, pursuant to section 1114(e)(2), payments that accrued and continue to accrue during its chapter 11 case should be afforded administrative priority and paid. Moreover, because retiree beneficiaries under the Supplemental Plan are all non-union, surviving spouse beneficiaries are entitled to representation in the form of an Official Committee under section 1114(d).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district under 28 U.S.C. §§ 1408-09.

## BACKGROUND

3. Avaya offered both qualified and non-qualified pension plans to its employees.[2]

---

[2] Benefits under qualified plans do not exceed applicable limits prescribed by the Internal Revenue Code. Non-qualified plans offer benefits in excess of said limits.

2

4.  The Supplemental Plan, a copy of which is attached hereto as Exhibit 2, is a non-qualified pension plan offered to retired non-union employees, on top of benefits provided under the retirees' qualified plan.[3]

5.  The Supplemental Plan provides benefits to retirees and their surviving spouses in the form of monthly annuity payments.

6.  Movant is the surviving spouse of non-union retiree Stephan Clark. Prior to the petition date, she became eligible for and began receiving a survivorship benefit of $1,433.16 per month in the form of an annuity under the Supplemental Plan, as indicated in the Supplemental Plan Payment Summary included in her proof of claim, attached hereto as Exhibit 3.

7.  Following the petition date (January 19, 2017), Avaya announced it would be suspending payments to all Supplemental Plan beneficiaries. A copy of a Wall Street Journal article concerning this is attached hereto as Exhibit 4. Movant has not received a monthly payment under the Supplemental Plan from and after the petition date.

8.  Avaya scheduled its debts under the Supplemental Plan in its Schedules of Assets and Liabilities, filed March 30, 2017 [ECF No. 37] by listing "Avaya Non-Qualified Pension Plan" as the holder of a non-priority claim in the amount of $90.21 million, and further marked the claim as "contingent" and "unliquidated,"[4] thereby requiring retirees and surviving spouses to file proofs of claim to be entitled to a distribution.

---

[3] The applicable qualified plan is the Avaya Inc. Pension Plan for Salaried Employees, which the Debtors have represented covers 6,900 retirees [ECF No. 22, ¶49].

[4] Avaya scheduled its Supplemental Plan obligations incorrectly. First, there is no creditor "Avaya Non-Qualified Pension Plan." Pursuant to Article 8 of the Supplemental Plan, benefits payable thereunder are payable to beneficiaries directly from Avaya's general assets, and thus, individual beneficiaries are the relevant creditors. Second, the claims of retirees and surviving spouses receiving payments as of the petition date are not contingent. Third, claims under the Supplemental Plan are not unliquidated as amounts owed can easily be calculated from actuarial tables. Fourth, Avaya erred by failing to distinguish between debts owed to retirees which are properly scheduled as non-priority claims and obligations to surviving

3

9. On April 13, 2017, the Debtors filed a proposed chapter 11 plan and disclosure statement [ECF Nos. 388, 389]. The disclosure statement provides as follows with respect to the Supplemental Plan:

> Avaya Inc. is the sponsor for the Avaya Inc. Supplemental Pension Plan, which is a non-qualified plan established for purpose of providing an unfunded excess benefit plan and providing deferred compensation and supplemental pension benefits for purposes of ERISA (the "ASPP"). The ASPP is a successor with respect to the Lucent Technologies Supplemental Pension Plan in effect as of September 2000. The ASPP is not insured by PBGC. As of the Petition Date, approximately 830 individuals were beneficiaries of the ASPP. <u>By its terms, obligations arising under the ASPP are general unsecured obligations of Avaya. Pursuant to the Plan, Avaya's obligations under the Avaya Inc. Supplemental Pension Plan will be discharged as General Unsecured Claims of Avaya's chapter 11 estate</u>.[22]
>
> [22] The Debtors intend to supplement their applicable Schedules of Assets and Liabilities to reflect claims arising from the discharge of obligations arising in connection with the ASPP.

The disclosure statement further projects general unsecured creditors will recover 10% of the allowed amount of their claims under the plan.

### RELIEF REQUESTED AND BASIS THEREFOR

10. Movant requests an order (1) determining that monthly payments to surviving spouse beneficiaries under the Supplemental Plan are "retiree benefits" under section 1114(a), (2) compelling the immediate reinstatement of monthly payments to surviving spouse beneficiaries under the Supplemental Plan pursuant to section 1114(e)(1), (3) directing that monthly payments to surviving spouse beneficiaries that have accrued during Avaya's chapter 11 case be afforded administrative priority pursuant to section 1114(e)(2) and paid, and (4) appointing an Official Committee pursuant to section 1114(d).

---

spouses which are entitled to priority and cannot be modified without prior Court authorization or on consent of their authorized representative pursuant to section 1114(e), as described below.

4

**I. MONTHLY PAYMENTS UNDER THE SUPPLEMENTAL PLAN TO SURVIVING SPOUSES ARE "RETIREE BENEFITS" UNDER SECTION 1114(a)**

11. Section 1114(a) provides:

    **Payment of insurance benefits to retired employees.**

    For purposes of this section, the term "retiree benefits" means <u>payments to any</u> entity or <u>person for the purpose of providing</u> or reimbursing <u>payments for</u> retired employees and their <u>spouses</u> and dependents, <u>for</u>

    [1] medical, surgical, or hospital care benefits, or

    [2] <u>benefits in the event of</u> sickness, accident, disability or <u>death</u>

    under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title.

12. Monthly payments to surviving spouse beneficiaries under the Supplemental Plan plainly qualify as "payments to any … person for the purpose of providing … payments for … spouses … for benefits in the event of … death" under a prepetition plan.

13. That the statute governs "payments … for … benefits" does not render annuity payments under the Supplemental Plan outside its scope, as the dictionary definition of "benefit" includes pension <u>and</u> annuity payments. *See* https://www.merriam-webster.com/dictionary/benefit (defining "benefit" as including "payment or service provided for under an annuity, pension plan, or insurance policy").

**II. THIS COURT SHOULD DIRECT IMMEDIATE REINSTATEMENT OF MONTHLY PAYMENTS TO SURVIVING SPOUSES AND GIVE ACCRUED PAYMENTS ADMINISTRATIVE PRIORITY**

14. Section 1114(e)(1) provides a debtor "shall timely pay and shall not modify any retiree benefits," absent the consent of the debtor and retirees' "authorized representative," or by order of the Court entered following a negotiation between the debtor and said representative pursuant to section 1114(f)-(g). There is no authorized representative for affected Supplemental

5

Plan beneficiaries, as the retiree beneficiaries under the plan are all non-union and no Official Committee has been appointed. Accordingly, the Debtors cannot modify the payment of retiree benefits to surviving spouses.

15. Further, section 1114(e)(2) provides "[a]ny payment for retiree benefits required to be made before a plan [is] confirmed … has the status of an allowed administrative expense." Accordingly, spouses should be awarded an administrative expense for monthly payments the Debtors have failed to make since the petition date.

### III.  A RETIREE COMMITTEE SHOULD BE APPOINTED

16. Section 1114(d) provides that this Court, on motion by a party in interest, "shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay retiree benefits <u>or</u> if the court otherwise determines that it is appropriate, to serve as the authorized representative … of those persons receiving any retiree benefits not covered by a collective bargaining agreement."

17. Each requirement of section 1114(d) is satisfied. Avaya is not paying retiree benefits to surviving spouses. Moreover, representation is appropriate because Avaya has made clear it plans to discharge its debts to surviving spouses under the Supplemental Plan pursuant to its chapter 11 plan. In addition, surviving spouses' death benefits are not covered by a collective bargaining agreement, as their retiree spouses were all non-union.

18. An Official Committee is badly needed to ensure that surviving spouses' death benefits (and any other retiree benefits) are not modified by any chapter 11 plan, or alternatively, to negotiate the modification of retiree benefits pursuant to section 1114(f)-(g).

### NOTICE

19. Notice of this motion has been given by e-mail to all persons on the Master Service List, including the Office of the United States Trustee.

20. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, movant requests an order (1) (a) determining that monthly payments to surviving spouse beneficiaries under the Supplemental Plan are "retiree benefits," (b) compelling the immediate reinstatement of monthly payments to surviving spouse beneficiaries under the Supplemental Plan, (c) directing that monthly payments to surviving spouse beneficiaries that have accrued during Avaya's chapter 11 case be afforded administrative priority and paid, and (d) appointing an Official Committee, and (2) granting such other and further relief as this Court deems just and proper.

Dated: May 5, 2017  
      New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak  
Jeffrey Chubak  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100

*Attorneys for Marlene Clark*