**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA, INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**
**ON BEHALF OF COMMUNICATIONS WORKERS OF AMERICA**

Communications Workers of America ("CWA"), by and through its undersigned counsel,

pursuant to this Court's March 22, 2017 *Order (A) Setting A Bar Date For Filing Proofs Of*

*Claim, Including Claims Arising Under Section 503(b)(9) Of The Bankruptcy Code, (B) Setting*

*A Bar Date For the Filing Of Proofs Of Claim By Governmental Units, (C) Setting A Bar Date*

*For The Filing Of Requests For Allowance of Administrative Expense Claims, (D) Setting An*

*Amended Schedules Bar Date, (E) Setting A Rejection Damages Bar Date, (F) Approving The*

*Form Of And Manner For Filing Proofs Of Claim, (G) Approving Notice Of The Bar Dates, And*

*(H) Granting Related Relief* (Docket No. 301)(the "Bar Date Order"), hereby submits this

request for payment of an administrative expense claim:

1.   <u>Name of Creditor</u>:    Communications Workers of America

2.   <u>Amount of Claim</u>:    Not less than $62,623,911

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

3.   <u>Basis for Claim</u>:   Services rendered from January 19, 2017 through
April 1, 2017.

4.   <u>Backup to Claim</u>:   See attached addendum.

5.   <u>Reservation of Rights</u>: CWA reserves the right to be allowed post-petition
charges, interest, costs and attorneys' fees as provided for
in any agreement(s) entered into between any Debtor entity
and CWA.

6.   <u>Right to Amend</u>:   CWA specifically reserves its right to amend or
supplement this request for any purpose.

Dated: May 5, 2017               **SAUL EWING LLP**


By:   */s/Sharon L. Levine*
Sharon L. Levine
Dipesh Patel
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6713
Facsimile:  (973) 286-6821
slevine@saul.com
dpatel@saul.com


-and-

555 Fifth Avenue
Suite 1700
New York, NY 10017
Telephone: (212) 980-7200

*Attorneys for Communications Workers of America*

**Addendum to Administrative Expense Request of
the Communications Workers of America for *In re Avaya Inc., et al.*,
Case No.: 17-10089 (SMB) (Jointly Administered)
United States Bankruptcy Court for the Southern District of New York**

The administrative expense request (the "Request") is submitted in the administratively consolidated cases *In re Avaya, Inc., et al.* (Bankr. S.D.N.Y., Case No. 17-10089) (collectively, the "Debtors")[1] for all claims arising between January 19, 2017 through April 1, 2017 on behalf of the Communications Workers of America ("CWA"), as the representative of the interests of the active, laid-off, and retired members and employees of the CWA, at the Debtors' facilities, including, without limitation, relating to:

1.  Any losses, unfunded or underfunded direct obligations of the Debtors to CWA employees from January 19, 2017 through April 1, 2017 in an amount of not less than $11,136,486, including but not limited to the following:

    a.  lost employee wages from January 19, 2017 through April 1, 2017 in an amount not less than $6,923,764;

    b.  employee shift differential and overtime reductions from January 19, 2017 through April 1, 2017 in an amount not less than $1,618,341;

    c.  Overtime lunches and meals from January 19, 2017 through April 1, 2017 in an amount not less than $712;

    d.  Employee vacation time carryover from January 19, 2017 through April 1, 2017 in an amount not less than $165,980;

    e.  Lost contractual employee health and dental care from January 19, 2017 through April 1, 2017 in an amount not less than $2,011,081;

    f.  Net present value of pension accrual for active employees from January 19, 2017 through April 1, 2017 in an amount not less than $139,657; and

    g.  Employer match in Avaya savings plan from January 19, 2017 through April 1, 2017 in an amount not less than $276,951;

2.  Payments to Alliance for Employee Growth and Development a co-managed employee training program, as per the collective bargaining agreement, from January 19, 2017 through April 1, 2017 in an amount not less than $168,066;

3.  Net present value of pension accrual for terminated but vested employees from January 19, 2017 through April 1, 2017 in an amount not less than $1,354,451;

---

[1]  The Debtor in these cases against whom the Request is asserted is: Avaya, Inc.

4.  Net present value of payments owed to current retirees and survivors from January 19, 2017 through April 1, 2017 in an amount not less than $33,860,716;

5.  Retiree health care obligations from January 19, 2017 through April 1, 2017 in an amount not less than $15,653,021;

6.  Any grievances and disputes or other obligations arising between January 19, 2017 through April 1, 2017 between the CWA and the Debtors in an amount not less than $451,170.

The aggregate amount of the CWA's Request is not less than $62,623,911. The CWA expressly reserves the right to amend this Request as additional information and documents become available.

The CWA expressly reserves the right to amend this Request to include such modifications, deletions, or additions as may be just and proper.

The filing of this Request is not and should not be deemed a waiver of any challenge to the legal validity of this bankruptcy or any legal claims relating to the bankruptcy and/or the Debtors' assets. Furthermore, this Request shall not be deemed or construed to be a waiver of the rights of the CWA (1) to have final orders with respect to non-core matters entered only after *de novo* review by the United States District Court, (2) to trial by jury in any proceeding  so triable in these cases, or any case, controversy, or proceeding related to these cases, (3) to have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (4) to assert any other rights, claims, actions, set-offs or recoupments to which the CWA is or may be entitled in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the CWA expressly reserves, and (5) to assert any and all rights or claims against others jointly or severally liable for the sums claimed herein.