**Hearing Date: May 25, 2017 at 10:00 a.m. (Eastern)**
**Objection Deadline: May 18, 2017 at 4:00 p.m. (Eastern)**

MORRISON & FOERSTER LLP
250 W 55th Street
New York, New York 10019
Lorenzo Marinuzzi
Todd M. Goren

*Counsel for the Official Committee of Unsecured Creditors of Avaya Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MARLENE CLARK'S MOTION FOR ORDER DETERMINING SURVIVORSHIP BENEFITS UNDER SUPPLEMENTAL PLAN ARE "RETIREE BENEFITS" UNDER BANKRUPTCY CODE SECTION 1114(a), COMPELLING COMPLIANCE WITH SECTION 1114(e), AND APPOINTING AN OFFICIAL COMMITTEE UNDER SECTION 1114(d)**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Avaya Inc. ("Avaya") and the other debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submits this objection (the "Objection") to *Marlene Clark's Motion for Order Determining Survivorship Benefits Under Supplemental Plan*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

*Are "Retiree Benefits" Under Bankruptcy Code Section 1114(a), Compelling Compliance with Section 1114(e), and Appointing an Official Committee Under Section 1114(d)* [Dkt. No. 522] (the "Motion").[2] In support of the Objection, the Creditors' Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. It is an unfortunate reality that chapter 11 debtors rarely have sufficient assets to satisfy all creditors in full. As a result, creditors of chapter 11 debtors will almost inevitably be called upon to make sacrifices. This includes not only a debtor's trade creditors and vendors, but often also includes retirees and their surviving spouses, like Ms. Clark. In drafting the Bankruptcy Code, Congress was required to make difficult decisions regarding the relative priorities of claims in bankruptcy cases. In the end, Congress chose to limit priority and administrative expense status to certain, specific categories of claims, including certain employee wages and retiree benefits. Not all claims may be afforded administrative or priority status, however, and the claims of Ms. Clark and other surviving spouses to deferred compensation were not included in the categories of claims that Congress provided statutory priority.

2. Bankruptcy Code section 1114 affords certain added protections and priority to claims of retired employees to ensure that those creditors continue receiving critical health, disability, and other insurance benefits. The law in this Circuit is clear and unequivocal, however; claims under pension and other deferred compensation plans are not "retiree benefits" for purposes of Bankruptcy Code section 1114. Although creative, Ms. Clark's argument that claims on account of a deferred compensation program such as the Avaya Inc.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

Supplemental Pension Plan (the "ASPP") are somehow converted into retiree benefits when paid to a surviving spouse falls short. Courts in this Circuit and others have roundly and uniformly rejected similar arguments, and the Court should follow suit in this case. Periodic deferred compensation payments made under the ASPP simply do not fall into the universe of "retiree benefits" protected by Bankruptcy Code section 1114. As such, claims under the ASPP must be treated the same as all other general unsecured claims. Ms. Clark's request for different treatment should be denied.

3. Moreover, because claims under the ASPP are not "retiree benefits," Ms. Clark's request to appoint a retiree committee is misguided and should be denied.

## BACKGROUND

### A. The Chapter 11 Cases

4. On January 19, 2017 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases.

5. On January 31, 2017, the United States Trustee for the Southern District of New York filed a notice of appointment of the Creditors' Committee[3] pursuant to section 1102(a)(1) of the Bankruptcy Code [Dkt. No. 100].

### B. The Retiree Motion

6. On May 5, 2017, Ms. Clark filed the Motion, which seeks (a) a determination that payments to surviving spouses under the ASPP are retiree benefits entitled to the protections of section 1114 of the Bankruptcy Code, (b) the reinstatement of such payments, (c) an

[3] The members of the Committee are: (i) AT&T Services, Inc., (ii) Communications Workers of America, (iii) Flextronics Telecom Systems, Ltd., (iv) Network-1 Technologies, Inc., (v) the Pension Benefit Guaranty Corporation, (vi) SAE Power, Inc. and SAE Power Company, and (vii) Wistron Corporation.

administrative priority claim for any payments that have accrued since the Petition Date, and (d) the appointment of an official committee of retired employees.

## ARGUMENT

### A. The ASPP Does Not Provide "Retiree Benefits"

7. Section 1114 of the Bankruptcy Code affords certain protections to the recipients of "retiree benefits" provided pursuant to a "plan, fund, or program." *See* 11 U.S.C. §§ 1114(a), (d), (e), (f), (g), (i), (j), and (l). For example, claims for retiree benefits that accrue after the Petition Date are entitled to administrative expense status. 11 U.S.C. § 1114(e)(2). Additionally, in the event that a debtor moves to modify or terminate retiree benefits, Bankruptcy Code section 1114(d) requires the Court to appoint a committee of retired employees unless such employees are already represented by a labor union or similar organization.

8. The protections afforded by Bankruptcy Code section 1114 apply to a narrowly tailored universe of benefits, however. Bankruptcy Code section 1114 defines "retiree benefits" to include only payments for the provision of "medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death." 11 U.S.C. § 1114(a). Thus, pension and other "benefits that provide for annual payments upon retirement are not 'retiree benefits,'" and are not protected. *In re Lyondell Chem. Co.*, 445 B.R. 296, 301 (Bankr. S.D.N.Y. 2011). The purpose of such pension and retirement payments is not to provide health, disability, or death benefits, but rather "to defer income, and the requisite income taxes, until some later date." *In re WorldCom, Inc.*, 364 B.R. 538, 550 (Bankr. S.D.N.Y. 2007).

9. Amounts due under the ASPP do not qualify as retiree benefits; they are general unsecured claims. The ASPP is a deferred compensation program that provides annuity payments to former members of the Debtors' management team. ASPP, §§ 1, 4.4, and 5.3. The

ASPP does not provide health, disability, or other insurance benefits to retired employees. Courts in this jurisdiction and others have uniformly held that payments under pension and other deferred compensation plans such as the ASPP are not "retiree benefits" entitled to the additional protections provided by Bankruptcy Code section 1114. *See, e.g.*, *WorldCom*, 364 B.R. at 550; *In re Exide Technologies*, 378 B.R. 762, 769 (Bankr. D. Del. 2007); *In re Farmland Indus., Inc.*, 294 B.R. 903, 919 (Bankr. W.D. Mo. 2003).

10. Moreover, although surviving spouses are entitled to receive ASPP payments upon the death of the primary beneficiary, the ASPP does not provide for any additional benefits at such time. The ASPP therefore does not provide "benefits . . . in the event of death," as contemplated by section 1114(a) of the Bankruptcy Code. That benefits may transfer to a spouse upon the death of a beneficiary does not alter this fact.

11. In *In re Lyondell Chemical Company*, this Court considered allegations similar to those raised by Ms. Clark and concluded that the benefits at issue were not "retiree benefits." In *Lyondell*, a surviving spouse contended that annuity payments she was receiving under a deferred compensation agreement were retiree benefits under Bankruptcy Code section 1114. 445 B.R. at 297-98. The *Lyondell* court disagreed, concluding that pension and other annuity benefits are not retiree benefits when due to the primary beneficiary, and "the feature of the annuity arrangement to provide contingency payments to [a surviving spouse] upon death does not change that." *Id.* at 300-301. This is so because a death benefit feature like the one contained in the ASPP "simply provides an alternative for the timing and method of the annual payments that are due; it does not provide for additional benefits due upon the participant's death." *Exide Technologies*, 378 B.R. at 769. Any such change in the "timing and method of payment" upon the beneficiary's death is "merely incidental" to the primary purpose of the

ASPP: to defer income, and the taxation thereof, to a later date. *See In re WorldCom, Inc.*, 364 B.R. at 550.

12. In short, Congress was very explicit in specifying the types of payments covered under the "protective umbrella of § 1114," health benefits and those provided in the event of "accident, disability, or death." *IUE-CWA v. Visteon Corporation (In re Visteon Corp.)*, 612 F.3d 210, 220 (3d Cir. 2010). Deferred compensation payments for high income employees were <u>not</u> included. *Id.* Thus, those obligations are general unsecured claims.

**B. The ASPP Is Not a "Plan, Fund, or Program" Under Section 1114(a)**

13. Even if the ASPP payments were retiree benefits (which they are not), the ASPP is not a "plan, fund, or program," as that term is used in section 1114 of the Bankruptcy Code.

14. Under Second Circuit law, contracts and plans providing ordinary annuity payments such as those provided by the ASPP are not "plan[s], fund[s], or program[s]," for the purposes of Bankruptcy Code section 1114. *Lyondell*, 445 B.R. at 300 (citing *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706 (2d Cir. 2001)). Because the Bankruptcy Code does not define the terms "plan," "fund," or "program," courts look to the meaning of the similar phrase used in ERISA. An administrative program may qualify as a plan, fund, or program for purposes of ERISA (and, correspondingly, Bankruptcy Code section 1114) only where (a) it involves ongoing managerial discretion and administrative analysis, (b) a reasonable employee would perceive that their employer retains an ongoing commitment to provide benefits, and (c) the employer was required to undertake an individualized analysis of each employee's termination according to various enumerated factors. *See Kosakow*, 274 F.3d at 737.

15. At a minimum, the ASPP fails to meet two of the three criteria set forth in *Kosakow*. First, the ASPP provides a fixed annual benefit established at the time of the



ny-1283835

beneficiary's retirement. ASPP, §§ 2.18, 3.5, 4.4, and 5.3. It requires no more managerial oversight than the insurance plan determined by the *Lyondell* court not to qualify as a plan, fund, or program. *See Lyondell*, 445 B.R. at 300. Additionally, beneficiaries could not reasonably perceive an ongoing commitment by the employer to provide benefits under the ASPP. As explained by the *Lyondell* court, no ongoing commitment exists where "the only interaction between employer and employee is the distribution of checks." *Lyondell*, 445 B.R. at 300. Like the deferred compensation agreement in *Lyondell*, Avaya's obligations to retirees under the ASPP are limited to making regularly scheduled payments. For this reason as well, the ASPP is not a plan, fund, or program

**C. The Court Should Not Appoint a Retiree Committee**

16. Bankruptcy Code section 1114 provides that the Court "shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits," or if the Court determines that a retiree committee is appropriate to represent the interests of those receiving retiree benefits. 11 U.S.C. § 1114(d). As demonstrated above, payments made under the ASPP are not retiree benefits. Ms. Clark and other ASPP beneficiaries are general unsecured creditors of the Debtors, whose interests are already represented by the Creditors' Committee. Consequently, no retiree committee is necessary in these cases.

## CONCLUSION

17. For the foregoing reasons, the Creditors' Committee respectfully requests that the Court deny the Motion.

[*Signature page follows*]

Dated: May 18, 2017
New York, New York

Respectfully submitted,

*/s/* Lorenzo Marinuzzi

MORRISON & FOERSTER LLP
Lorenzo Marinuzzi
Todd M. Goren
250 W 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Official Committee of Unsecured Creditors of Avaya Inc., et al.*