James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

KE 47161972

# DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in further support of the relief requested by the *Debtors' Motion Seeking Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 374] (the "Motion").[1]

## Reply

1. By their Motion, the Debtors seek an initial extension of their statutory Exclusivity Periods.[2] Following negotiation with the Ad Hoc Crossover Group and the Creditors' Committee, the Debtors have agreed to modify their request to provide for a 60 day extension;[3] with that modification, neither of those two constituencies oppose the relief requested here.[4] The Debtors are also continuing in their efforts to resolve the objection filed by the Ad Hoc First Lien Group, which is the lone objection filed with respect to the Debtors' requested

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the *Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* [Docket No. 389] (the "Plan"), as applicable.

[2] Pursuant to Local Bankruptcy Rule 9006-2, the Debtors' Exclusivity Periods have been extended automatically pending the Court's adjudication on the relief requested by their Motion.

[3] The Debtors' revised form of order was filed as **Exhibit A** to the *Notice of Filing of Amended Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 623] (the "Revised Order").

[4] See also *Statement of the Official Committee of Unsecured Creditors in Support of the Debtors Motion Seeking Entry of an Order (I) Extending the Debtors Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 629].

2

relief.[5]  For its part, the Ad Hoc First Lien Group asserts that an exclusivity extension should be limited to 30 (and not 60) days.[6]

2.  In any event, the Debtors respectfully submit that the limited, 60-day relief requested by their Motion (as modified by their Revised Order) is reasonable and appropriate here.  There can be no real dispute these chapter 11 cases are large and complex.  The Debtors' restructuring involves more than 175 debtor and non-debtors affiliates, $6 billion of funded debt, two single employer pension plans, thousands of current and former employees, and a complex supply chain that spans the globe.[7]  This record alone warrants the limited, 60-day extension of exclusivity requested here.[8]

3.  The Debtors also remain focused on their efforts to build consensus around their emergence from chapter 11 as soon as reasonably possible—a goal the Debtors share with the Ad Hoc First Lien Group.  While the Debtors dispute the Ad Hoc First Lien Group's contention that the Debtors have somehow 'failed to engage,' the Debtors believe all parties can agree that these chapter 11 estates will be better-served by negotiation and, if at all possible, resolution.  For their part, the Debtors have already agreed to adjourn their Disclosure Statement hearing to facilitate this process—proactively addressing one aspect of the Ad Hoc First Lien Group's

---

[5]  See *Objection of the Ad Hoc First Lien Group to Debtors' Motion Seeking Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 587] (the "Objection").

[6]  See Obj. p.10 ("[T]he Ad Hoc First Lien Group respectfully requests that the Court (a) limit an extension of the Exclusive Periods to no more than thirty (30) days . . . .").

[7]  See generally *Declaration of Eric Koza (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 22] ¶¶ 18–52.

[8]  In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987) ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods."); H.R. No. 95-595, at 231-232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.").

3

Objection.[9] The limited exclusivity extension requested by the Debtors is an appropriate next step in this regard.  Exclusivity—as opposed to the prospect of multiple, competing plans and related litigation—will only facilitate the Debtors' ability to maximize value through consensus if at all reasonably possible:  "Opening the floodgates to allow each and every one of the debtor's creditors to file a plan . . . would not serve to secure the expeditious and economical administration of this case nor to carry out the provisions of the Bankruptcy Code."[10]

## Conclusion

4. For the reasons set forth herein and in the Motion, and as the Debtors are prepared to further establish at a duly scheduled evidentiary hearing on the relief requested by the Motion,[11] the Debtors respectfully request that the Court grant the relief requested by their Motion as modified by their Revised Order.

[*Remainder of page intentionally left blank*]

---

[9] Compare Obj. ¶ 12 (conditioning exclusivity extension on 30 day adjournment of Disclosure Statement Hearing) with *Notice of Adjournment of the Disclosure Statement Hearing and Certain Other Matters to June 29, 2017 at 10:00 a.m. (prevailing Eastern Time)* [Docket No. 599] (adjourning disclosure statement hearing by more than 30 days).

[10] In re Borders Group, Inc., 460 B.R. 818, 828 (Bankr. S.D.N.Y. 2011) (quoting In re United Press Int'l, Inc., 60 B.R. 265, 271 n.12 (Bankr. D.C. 1986) (internal quotation marks and alterations omitted)).

[11] See Local Bankruptcy Rule 9014-2; see also *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 160] ¶ 39.

KE 47161972

WHEREFORE, the Debtors respectfully submit that the Court should overrule the Objection and enter an order extending the Exclusivity Periods, as modified by the Revised Order.

| | |
|---|---|
| Dated:  May 24, 2017<br>New York, New York | */s/ Jonathan S. Henes, P.C.*<br>James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |