Hearing Date and Time:  **August 15, 2017 at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline:  **August 8, 2017 at 4:00 p.m. (prevailing Eastern Time)**

> **PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON THE ATTACHED SCHEDULES TO DETERMINE IF THIS MOTION AFFECTS THEIR LEASE OR THEIR RIGHTS THEREUNDER**

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*,[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

**NOTICE OF DEBTORS' FIRST OMNIBUS MOTION
PURSUANT TO SECTIONS 363(b) AND 365(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME
CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE** that on August 1, 2017, Avaya Inc. and its affiliated debtors

in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively,

the "Debtors"), filed the *Debtors' First Omnibus Motion Pursuant to Sections 363(b) and 365(a)*

*of the Bankruptcy Code Authorizing the Debtors to Assume Certain Unexpired Leases of Non-*

*Residential Real Property* (the "Motion").  A hearing (the "Hearing") on the Motion will be held

before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern

District of New York (the "Court"), in Room 723, One Bowling Green, New York, New York

10004-1408, on **August 15, 2017, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion

(each, an "Objection") shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order*

*Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing*

*Certain Notice and Case Management Procedures* [Docket No. 160] (the "Case Management

Order"), and shall be filed with the Court (a) by registered users of the Bankruptcy Court's case

filing system, electronically in accordance with General Order M–399 (which can be found at

http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in

text-searchable portable document format (PDF) (with a hard copy delivered directly to

Chambers as set forth in the Case Management Order), in accordance with the customary

practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and

served—so as to be actually received no later than **August 8, 2017, at 4:00 p.m. (prevailing**

**Eastern Time)** (the "Objection Deadline")—on each of the Standard Parties (as defined in the Case Management Order), including:

    a.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Jonathan Henes, P.C., Esq. and Christopher J. Kochman, Esq.) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Patrick J. Nash, P.C., Esq. and Ryan Preston Dahl, Esq.), the attorneys for the Debtors;

    b.    The United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq.);

    c.    Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi, Esq. and Jonathan I. Levine, Esq.), the attorneys to the Official Committee of Unsecured Creditors;

    d.    Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, New York 10017 (Attn: Damian Schaible, Esq.), the attorneys to the DIP Agent;

    e.    Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, New York, New York, 10036, (Attn: Philip Dublin, Esq. and Naomi Moss, Esq.), the attorneys to the Ad Hoc First Lien Group; and

    f.    Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq. and Sayan Bhattacharyya, Esq.), the attorneys to the Ad Hoc Crossover Group.

**PLEASE TAKE FURTHER NOTICE** that if no Objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/avaya.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  August 1, 2017
New York, New York

/s/ Jonathan S. Henes, P.C.
James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

> **PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON THE ATTACHED SCHEDULES TO DETERMINE IF THIS MOTION AFFECTS THEIR LEASE OR THEIR RIGHTS THEREUNDER**

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).   The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

**DEBTORS' FIRST OMNIBUS MOTION PURSUANT
TO SECTIONS 363(b) AND 365(a) OF THE BANKRUPTCY
CODE AUTHORIZING THE DEBTORS TO ASSUME CERTAIN
UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to: (a) assume 24 unexpired leases of non-residential real property at locations which the Debtors intend to continue operating post-emergence, each of which is set forth on Exhibit 1 to the Order (the "Assumed Leases"), and (b) pay applicable cure costs (the "Cure Costs").  In support of this Motion, the Debtors submit the Declaration of Jesse DelConte (the "DelConte Declaration"), attached hereto as **Exhibit B**.  In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.      By this Motion, the Debtors seek entry of an order, pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to assume the Assumed Leases and to pay applicable Cure Costs as set forth in Exhibit 1 attached to the proposed Order.

### Jurisdiction

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry

6

of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 363 and 365 of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rules 6006-1(a) and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "LBRs").

## Background

5.  The Debtors, together with their non-debtor affiliates, make up a multinational company that provides mission-critical, real-time communication applications to private and government customers and platforms around the world.  The Debtors, together with their non-debtor affiliates, provide a full complement of software and service solutions for contact centers, unified communications, and integrated networking, which software and services are offered on-premises, in the cloud, or using a hybrid cloud.  The Debtors are headquartered in Santa Clara, California, but their operations are extensive and span across Asia, the Middle East, Europe, and North America.

6.  On January 19, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 20, 2017, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 46].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 31, 2017, the Office of the

United States Trustee for the Southern District of New York (the "U.S. Trustee") filed a notice of appointment of the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 100].  On April 11, 2017, the Debtors filed a motion [Docket No. 373] seeking to extend the deadline set forth in section 365(d)(4) of the Bankruptcy Code by which the Debtors must assume or reject unexpired leases of nonresidential real property.  On April 24, 2017, the Court entered an order [Docket No. 446] extending the statutory deadline from May 19, 2017 to August 17, 2017 (the "Assumption/Rejection Deadline").

### The Debtors' Leases and Overview of Assumed Leases

7.      By this Motion, the Debtors seek to assume 24 unexpired leases of non-residential real property, each of which is necessary to their ongoing operations, as determined by the Debtors in their reasonable business judgment.  The Debtors' leasehold interests are important estate assets, and assumption of the Assumed Leases is an essential step in the Debtors' restructuring efforts and anticipated emergence from chapter 11.  The Assumed Leases consist of leases for locations where the Debtors run necessary corporate and business operations in order to provide a full complement of software and service solutions for contact centers and unified communications.  Because the Debtors have not secured an extension of the Assumption/Rejection Deadline pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code with respect to the Assumed Leases, absent the relief requested herein, the Assumed Leases will be automatically deemed rejected on August 18, 2017, by operation of section 365(d)(4) of the Bankruptcy Code.

8.      The Debtors, with the assistance of Zolfo Cooper Management, LLC ("Zolfo"), their restructuring advisor, spent considerable time evaluating their existing lease portfolio.  The Debtors' decision to assume the Assumed Leases is the product of a detailed analysis of their

lease portfolio that has taken place over many months. Among other things, the Debtors assessed whether the terms of the Assumed Leases were commensurate with the local market and the remaining obligations under each Assumed Lease. In reaching the business decision to assume the Assumed Leases, the Debtors also took into account the Cure Costs necessary to cure any existing defaults under the Assumed Leases, which in the aggregate are expected to amount to approximately $197,245.25. The Debtors, in consultation with Zolfo, have concluded that the long-term strategic value of assuming the Assumed Leases significantly outweighs the outstanding Cure Costs associated with the leases.

9.      Accordingly, as a consequence of the Debtors' thorough analysis, the substantial benefits of the Assumed Leases to the Debtors' estates, and the destruction of value that would otherwise occur if the Assumed Leases were automatically rejected on August 18, 2017, the Debtors respectfully submit that they more than satisfy the business judgment standard necessary to assume the Assumed Leases and request that the Court grant the relief requested herein.

## Basis for Relief

### I.      Assumption of the Assumed Leases is an Exercise of the Debtors' Sound Business Judgment and is in the Best Interests of the Debtors' Estates.

10.     Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). It is well established that a debtor's decision to assume or reject an unexpired lease of real property under section 365(a) of the Bankruptcy Code is a matter within the "business judgment" of the debtor.[3] Here, the "business judgment"

---

[3]     See In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993); In re Minges, 602 F.2d 38, 43 (2d Cir. 1979); In re Sabine Oil & Gas Corp., 547 B.R. 66 (Bankr. S.D.N.Y. 2016), aff'd 567 B.R. 869 (S.D.N.Y. 2017); In re Republic Airways Holdings Inc., 547 B.R. 578 (Bankr. S.D.N.Y. 2016); In re Genco Shipping & Trading Ltd., 509 B.R. 455 (Bankr. S.D.N.Y. 2014).

test merely requires a showing that assumption of the Assumed Leases will benefit the Debtors' estates.[4]  Indeed, when applying the "business judgment" standard, courts show great deference to the debtor's decision-making.[5]

11.    Assumption of the Assumed Leases is an important step to protecting the Debtors' estates and their operations post-emergence from chapter 11.  The Debtors' leases are essential to the ongoing operations of the Debtors' business and to providing the Debtors with space for the Debtors to run necessary corporate and business operations in order to provide a full complement of software and service solutions for contact centers and unified communications.  The Debtors spent substantial time and effort analyzing their lease portfolio and have determined that assumption of the Assumed Leases is in the best interests of the Debtors' estates, creditors, and other stakeholders.  With the Assumption/Rejection Deadline under section 365(d)(4) of the Bankruptcy Code approaching, the Debtors must assume the Assumed Leases to preserve their viability, profitability, and growth going forward.  The Debtors submit that their decision to assume these leases at this juncture satisfies the deferential business judgment standard under which a debtor's assumption of an unexpired lease is judged.

---

[4]    See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc., 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate."); see also Sabine, 547 B.R. at 71 ("The bankruptcy court generally defers to a debtor's determination as to whether rejection of an executory contract is advantageous, unless the decision to reject is the product of bad faith, whim, or caprice.").

[5]    See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); see also In re Crystalin, L.L.C., 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) (finding that the court need not "place itself in the position of the trustee or debtor-in-possession") (omitting citations and internal quotations); Summit Land Co. v. Allen, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

## II.    The Debtors Will Cure All Defaults and Have Provided Adequate Assurance of Future Performance.

12.    Section 365(b) of the Bankruptcy Code provides that a debtor may assume an unexpired lease of real property under which a default has occurred only if the debtor "cures" the default and provides "adequate assurance of future performance" under the lease.[6]

13.    Here, the Debtors have satisfied the "cure" requirements of section 365(b)(1)(A) because they intend to pay the Cure Costs in full promptly upon the entry of the Order.  In the event of a dispute between the Debtors and the counterparty to any Assumed Lease with respect to Cure Costs, the Debtors will pay promptly the appropriate amount following the earlier of: (a) the date on which the Debtors reach agreement on the amount of the Cure Cost with the applicable Assumed Lease counterparty; or (b) the date on which an order entered by the Bankruptcy Court determining such amount becomes final and non-appealable.[7]  The Debtors submit that they will be able to pay all Cure Costs in full, which the Debtors estimate will be approximately $197,245.25 in the aggregate.

14.    The present facts and circumstances also demonstrate that the Debtors' counterparties will be adequately assured of future performance.  "A debtor need not provide an absolute guarantee of performance; rather, it must simply appear that the rent will be paid and other lease obligations met."[8]  "To determine whether a landlord is adequately assured, courts look to a non-exclusive list of factors, including the debtor's payment history, the extent and

---

[6]    See 11 U.S.C. § 365(b)(1).

[7]    Nothing in the Bankruptcy Code requires that disputes over the amount of cure payments be resolved prior to, or contemporaneously with, a bankruptcy court's authorization of a debtor's assumption of executory contracts and/or unexpired leases.  To the contrary, the Bankruptcy Code merely requires that a debtor "provide[] adequate assurance that [it] will promptly cure" the actual amount of a default under the applicable executory contract or unexpired lease.  11 U.S.C. § 365(b)(1)(A).

[8]    In re Great Atl. & Pac. Tea Co., Inc., 472 B.R. 666, 674–75 (S.D.N.Y. 2012) (omitting citations and internal quotations).

history of defaults, presence of a guarantee and/or a security deposit, evidence of profitability, a plan with earmarked funds exclusively for the landlord, the general outlook in the debtor's industry, and whether the lease is at or below the prevailing market rate."[9]  The Debtors submit that their excellent prior rent payment performance, diligence in remaining current on postpetition obligations, intent to pay all Cure Costs, and assumption of the Assumed Leases as ongoing obligations of a healthy, reorganized company, together, constitute adequate assurance of future performance.

15.    In addition to assuming the Assumed Leases pursuant to section 365 of the Bankruptcy Code, payment of the Cure Costs associated with the Assumed Leases arguably involves the use of assets outside of the ordinary course of business.  Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[10] The use, sale or lease of property of the estate, other than in the ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action.[11]  As explained above, assumption of the Assumed Leases, taking into account the Cure Costs, is required to maintain the Debtors' operations.  Payment of the Cure Costs is therefore a necessary step towards realizing the substantial benefits of the Debtors' lease review process.  Consequently, payment of the related Cure Costs is clearly supported by the Debtors' sound business judgment.

---

[9]    Id. at 675.

[10]    See 11 U.S.C. § 363(b)(1).

[11]    See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re MF Glob. Inc., 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) (a trustee generally satisfies the business judgment standard if he "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company"); In re Global Crossing Ltd., 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that there is a good business reason).

### III.    The Debtors' Proposed Assumption of the Assumed Leases Satisfies Bankruptcy Rule 6006 and Local Bankruptcy Rule 6006-1(a).

16.    Pursuant to Bankruptcy Rule 6006(e), the Debtors may not seek authority to assume multiple unexpired leases in one motion unless "the trustee seeks to assume, but not assign to more than one assignee, unexpired leases of real property."[12]  The Debtors are seeking to assume, but not assign, the Assumed Leases.  Therefore, subject to subdivision (f), the Debtors are authorized to seek authority to assume all of the Assumed Leases in this Motion.  Bankruptcy Rule 6006(f) authorizes a debtor to join requests for authority to assume multiple unexpired leases in one motion if permitted under subdivision (e).[13]  Specifically, Bankruptcy Rule 6006(f) requires that a motion to assume multiple executory contracts or unexpired leases:

1.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

2.    list parties alphabetically and identify the corresponding contract or lease;

3.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

. . .

5.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

6.    be limited to no more than 100 executory contracts or unexpired leases.[14]

Additionally, Bankruptcy Rule 6006(a), in conjunction with Local Rule 6006-1(a), specifies that a debtor must provide at least 14 days of notice of a motion to assume prior to the hearing.[15]

---

[12]    Fed. R. Bankr. P. 6006(e).

[13]    See Fed. R. Bankr. 6006(f).

[14]    Fed. R. Bankr. P. 6006(f).

[15]    See Bankruptcy Rule 6006(a); Local Bankruptcy Rule 6006-1(a).

17.     Therefore, the Debtors respectfully submit that this Motion satisfies each of the 6006(f) requirements for assumption of the Assumed Leases.

## **Motion Practice**

18.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.    Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## **Notice**

19.     The Debtors shall provide notice of this Motion to the following parties: (a) the Standard Parties; (b) the Rule 2002 Parties; and (c) counterparties to the Assumed Leases.[16]    The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[16] Capitalized terms used but not defined in this Paragraph 20 shall have the meanings set forth in the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 160].

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  August 1, 2017  
New York, New York

*/s/ Jonathan S. Henes, P.C.*

James H.M. Sprayregen, P.C.  
Jonathan S. Henes, P.C.  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ryan Preston Dahl (admitted *pro hac vice*)  
Bradley Thomas Giordano (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*,[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

## ORDER GRANTING DEBTORS' FIRST OMNIBUS MOTION PURSUANT TO SECTIONS 363(b) AND 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to: (a) assume the Assumed Leases, each of which is set forth on **Exhibit 1** hereto, and (b) pay the Cure Costs identified on **Exhibit 1** hereto, all as more fully set forth in the Motion; and upon the DelConte Declaration; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

[2]    Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Motion.

due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief granted herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized to assume the Assumed Leases, as set forth on **Exhibit 1** attached hereto, pursuant to section 365 of the Bankruptcy Code.

3.      The Debtors are authorized to pay in full the Cure Costs set forth on **Exhibit 1** attached hereto.

4.      Assumption of the Assumed Leases shall be effective notwithstanding a dispute over the proposed Cure Costs.  The Debtors shall pay the proposed Cure Costs as soon as practicable after assumption of any Assumed Lease pursuant to this Order.  Any disputed Cure Cost must be paid promptly after the earlier of (a) the date on which Debtors and the Assumed Lease counterparty agree to an amount or (b) the date specified in a final and non-appealable order entered by this Court determining such amount.

5.      Upon the entry of this Order, the counterparties of the Assumed Leases shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interest or other default penalties under the Assumed Leases arising before the date of this Order.

6.      Assumption of any Assumed Lease or payment of an associated Cure Cost does not represent a waiver by the Debtors of any rights, claims, or defenses in connection with or arising under any lease.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2017
      New York, New York

                                           _____
                                           THE HONORABLE STUART M. BERNSTEIN
                                           UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

Assumed Leases[1]

| Debtor Party | Lease Counterparty | Address | City | State/Country | Description of Lease | Cure Amount |
|---|---|---|---|---|---|---|
| Avaya Inc. | 10-30 South Wacker, LP | 30 South Wacker | Chicago | IL | Real Property Lease, dated or effective as of March 20, 2014 (as may be amended, modified, or supplemented) | $8,141.00 |
| Avaya Inc. | 1250 Conn Ave OBC, LLC | 1250 Connecticut Ave. NW | Washington | DC | Real Property Lease, dated or effective as of March 1, 2016 | $8,732.00 |
| Avaya Inc. | Alcatel-Lucent/Nokia USA Inc. | 8740/8744 Lucent Blvd. | Highlands Ranch | CO | Real Property Lease, dated or effective as of October 1, 2000 | $60,145.00 |
| Avaya EMEA Ltd. | Alraidah Investment Co. | Information Technology Communication Complex | Riyadh | Saudi Arabia | Real Property Lease | $0 |
| Avaya Inc. | AO Mt. Kemble LLC | 350 Mt. Kemble Avenue | Morristown | NJ | Real Property Lease, dated or effective as of September 19, 2016, as amended by that certain Letter Agreement dated June 30, 2017 | $0 |
| Avaya Inc. | Apex 7500/7590 Dobson Road L.L.C. | 7580 North Dobson Road | Scottsdale | AZ | Real Property Lease, dated or effective as of May 30, 2015 | $0 |
| Avaya Federal Solutions, Inc. | Boston Properties LP | 7415 Boston Blvd. | Springfield | VA | Real Property Lease, dated or effective as of October 1, 2015 | $523.59 |
| Avaya Federal Solutions, Inc. | Reva Norfolk LLC | 2601 Almeda Dr. aka 5425 Robin Hood Road | Norfolk | VA | Real Property Lease, dated or effective as of November 1, 2012 | $0 |
| Avaya EMEA Ltd. | Capital Propfund 1 (pty) Ltd. | ERF 38 16 Culnoss Road | Johannesburg | South Africa | Real Property Lease | $0 |
| Avaya Inc. | Frey State Street Property LLC | 2800 South State street | Ann Arbor | MI | Real Property Lease, dated or effective as of August 1, 2014 | $926.00 |
| Avaya Inc. | Global Marsh Property Owner, L.P. | 2440 Marsh Lane | Carrollton | TX | Turn Key Flex Datacenter Lease dated or effective as of June 16, 2014 | $17,405.00 |
| Avaya Federal Solutions, Inc. | Howard MD Green, LLC | 9150 Guildford Road | Columbia | MD | Real Property Lease, dated or effective as of October 1, 2010 | $0 |

---

[1]    The Debtors reserve all rights to amend or modify this schedule of Assumed Leases prior to the entry of an order assuming the Assumed Leases.

| | | | | | | |
|---|---|---|---|---|---|---|
| Avaya EMEA Ltd. | Lingawi Group Properties Co. Ltd. | Sari Gate Center Office #6 | Jeddah | Saudi Arabia | Real Property Lease | $0 |
| Avaya Inc. | Meridian-OCP LLC | 2605 Meridian Parkway | Durham | NC | Real Property Lease, dated or effective as of August 1, 2016 | $0 |
| Avaya Inc. | Moberly Properties, LLC | Moberly Professional Park | Bentonville | AR | Real Property Lease, dated or effective as of April 15, 2013 | $0 |
| Avaya Inc. | Moriah Real Estate Company, LLC | 14400 Hertz Quail Springs Pkwy | Oklahoma City | OK | Real Property Lease, dated or effective as of February 1, 2015 | $0 |
| Avaya Inc. | MR 12121, LLC | 12121 Grant Street | Thornton | CO | Real Property Lease, dated or effective as of November 1, 2014 | $77,184.78 |
| Avaya Inc. | The Prudential Insurance Company of America | 4655 Great America Parkway | Santa Clara | CA | Real Property Lease, dated or effective as of June 1, 2012 (as may be amended, modified, or supplemented) | $17,931.88 |
| Sierra Asia Pacific Inc. | PT. Swadhanma Primautama | Jakarta Wisma Wisma 46 JL Jend Sudinman Kav 1 | Jakarta | Indonesia | Real Property Lease | $0 |
| Sierra Asia Pacific Inc. | Quality Houses Leasehold Property Fund | 55 Wireless Road, Wave Place Building Lumpini Precinct Patumwan Ward | Bangkok | Thailand | Real Property Lease | $0 |
| Avaya Inc. | Real Office Centers Corporations | 110 Newport Center Drive | Newport Beach | CA | Real Property Lease, dated or effective as of March 1, 2016 | $0 |
| Avaya EMEA Ltd. | UBS Saudi Arabia | Tatweer Towers P.O. Box 33554 | Riyadh | Saudi Arabia | Real Property Sublease Agreement, dated or effective as of July 1, 2009 | $0 |
| Avaya Inc. | Vornado Two Penn Property LLC | Two Penn Plaza | New York | NY | Real Property Lease, dated or effective as of June 30, 2006 | $6,256.00 |
| Avaya Inc. | Wells Fargo Bank Northwest, N.A. | 1111 Freeport Parkway | Coppell | TX | Real Property Lease, dated or effective as of July 8, 1999 | $0 |

*     *     *     *     *

## **EXHIBIT B**

DelConte Declaration

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF JESSE DELCONTE IN SUPPORT OF DEBTORS' FIRST
OMNIBUS MOTION PURSUANT TO SECTIONS 363(b) AND 365(a) OF
THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME
CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

I, Jesse DelConte, under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746,

hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am a Senior Director in the firm of Zolfo Cooper, LLC, the direct parent of

Zolfo Cooper Management, LLC, a New Jersey limited liability company (collectively,

"Zolfo Cooper"). Zolfo Cooper and its subsidiaries, affiliates, agents, and independent

contractors were retained by the above-captioned debtors (collectively, the "Debtors") as

restructuring advisors in connection with their chapter 11 cases.

2.      As part of my current position as a financial advisor to the Debtors, I am

responsible for certain operational matters, including the assumption and rejection of unexpired

leases of nonresidential real property ("Leases").  I am generally familiar with the Debtors' day-

to-day operations, financing arrangements, business affairs, and books and records that reflect,

among other things, the Debtors' liabilities and obligations under existing Leases.

3.      I submit this declaration (this "Declaration") in support of the *Debtors' First*

*Omnibus Motion Pursuant to Sections 363(b) and 365(a) of the Bankruptcy Code Authorizing*

*the Debtors to Assume Certain Unexpired Leases of Non-Residential Real Property* (the "Lease

Assumption Motion").  I have reviewed the Lease Assumption Motion, I am familiar with its

contents, and, to the best of my knowledge, insofar as I have been able to ascertain after

reasonable inquiry, I believe that the approval of the relief requested therein is in the best

interests of the Debtors as such relief will preserve and maximize the value of the Debtors'

estates.

4.      Except as otherwise indicated, the facts set forth in this declaration are based upon

(a) my personal knowledge of the Debtors' businesses and operations, (b) information learned

from my review of relevant documents, (c) information provided to me or verified by other

2

executives, management, employees, or the Debtors' professional advisors, and/or (d) my opinion based upon my experience, knowledge, and information concerning the operations of the Debtors' businesses. I am authorized to submit this declaration on behalf of the Debtors, and, if I were called upon to testify, I could and would testify competently to the facts set forth herein.

### Overview of Assumed Leases

5.        The Debtors are seeking to assume 24 unexpired leases of non-residential real property at locations which the Debtors intend to continue operating post-emergence (the "Assumed Leases"). The Debtors' decision to assume the Assumed Leases is the product of a detailed and thorough analysis of their lease portfolio that has taken place over many months leading up to August 17, 2017 (the "Assumption/Rejection Deadline"), the date that I understand is the statutory deadline to assume or reject their non-residential real property leases. In particular, the Debtors assessed whether the terms of the Assumed Leases were commensurate with the local market and the remaining obligations under each Assumed Lease.

6.        The Debtors' leasehold interests are important estate assets, and I believe that assumption of the Assumed Leases is an essential step in the Debtors' restructuring efforts and anticipated emergence from chapter 11. The Assumed Leases consist of leases for locations where the Debtors run necessary corporate and business operations in order to provide a full complement of software and service solutions for contact centers and unified communications. Because the Debtors have not secured an extension of the Assumption/Rejection Deadline with respect to the Assumed Leases, absent the relief requested in the Lease Assumption Motion, I understand that the Assumed Leases will be automatically deemed rejected on August 18, 2017.

7.        The Debtors, with the assistance of their restructuring advisor Zolfo Cooper Management, LLC, spent considerable time evaluating their existing lease portfolio. In reaching the business decision to assume the Assumed Leases, the Debtors also took into account the cure

costs necessary to cure any existing defaults under the Assumed Leases, which in the aggregate are expected to amount to approximately $197,245.25 (the "Cure Costs").  I believe that the long term strategic value of assuming the Assumed Leases significantly outweighs the outstanding Cure Costs associated with the leases.

8.       Accordingly, as a consequence of the Debtors' thorough lease analysis, the substantial benefits of the Assumed Leases to the Debtors' estates, and the destruction of value that I believe would otherwise occur if the Assumed Leases were automatically rejected on August 18, 2017, it is my opinion that assumption of the Assumed Leases is in the best interests of the Debtors and their estates.

**I.       Assumption of the Assumed Leases is an Exercise of the Debtors' Sound Business Judgment and is in the Best Interests of the Debtors' Estates.**

9.       I believe that assumption of the Assumed Leases is an important step to protecting the Debtors' estates and their operations post-emergence from chapter 11.   The Debtors' leases are essential to the ongoing operations of the Debtors' businesses in order to provide a full complement of software and service solutions for contact centers and unified communications. The Debtors spent substantial time and effort over the past months analyzing their lease portfolio and have determined that assumption of the Assumed Leases is in the best interests of the Debtors' estates, creditors, and other stakeholders.   With the Assumption/Rejection Deadline approaching, I believe that the Debtors must assume the Assumed Leases to preserve their viability, profitability, and growth going forward.   It is my opinion that the Debtors' decision to assume these leases at this juncture satisfies the deferential business judgment standard under which I am told a debtor's assumption of an unexpired lease is judged.

4

## II.     The Debtors Will Cure All Defaults and Have Provided Adequate Assurance of Future Performance.

10.     I understand that a debtor may assume an unexpired lease of real property under which a default has occurred only if the debtor "cures" the default and provides adequate assurance of future performance under the lease.  The Debtors intend to pay the Cure Costs in full promptly upon the entry of an order approving the assumption of the Assumed Leases.  The Debtors have the financial ability to pay such Cure Costs, and, therefore, I believe that the "cure" requirement has been satisfied in this case.

11.     I believe that the present facts and circumstances also demonstrate that the Debtors' counterparties will be adequately assured of future performance.   The Debtors' excellent prior rent payment performance, diligence in remaining current on postpetition obligations, intent to pay all Cure Costs, and assumption of the Assumed Leases as ongoing obligations of a healthy, reorganized company, together, constitute adequate assurance of future performance.  Payment of the Cure Costs is a necessary step towards realizing the substantial benefits of the Debtors' lease review process and, consequently, I believe that payment of the Cure Costs is supported by the Debtors' sound business judgment.

12.     Based on the foregoing, I believe that the Debtors' decision to assume the Assumed Leases is an essential step in the Debtors' restructuring efforts and anticipated emergence from chapter 11 and reflects an exercise of sound business judgment in the best interests of the Debtors' estates and creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.

Dated:  August 1, 2017                    */s/ Jesse DelConte*
New York, New York                        Name: Jesse DelConte
                                          Senior Director
                                          Zolfo Cooper, LLC