**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING: (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) SOLICITATION AND NOTICE PROCEDURES; (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) CERTAIN DATES WITH RESPECT THERETO; AND (V) THE SECOND LIEN CALL PROCEDURES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020 and LBRs 3017-1, 3018-1, and 3020-1 approving: (a) the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and Its Debtor Affiliates* (the "Disclosure Statement"); (b) the Disclosure Statement Hearing Date and Disclosure Statement Hearing Notice; (c) the Disclosure Statement Objection Deadline and Disclosure Statement Objection Response Deadline; (d) the Voting Record Date, Solicitation Deadline, and Voting Deadline; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Non-Voting Status Notices;

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion, the Disclosure Statement, or the Plan.

(h) the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) the Solicitation and Voting Procedures; (j) Confirmation Hearing Date and Confirmation Hearing Notice; and (k) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

## I.      Approval of the Disclosure Statement

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

KE 48464595

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c); provided, however, that, prior to commencing solicitation, the Debtors shall cause conforming changes to be made to the Plan, Disclosure Statement and Solicitation Materials reflecting the separate classification of Class 3 (First Lien Debt Claims) with respect to Avaya Holdings Corp. as addressed on the record at the Court's August 25, 2017 hearing.

## II.     Approval of the Disclosure Statement Hearing Notice

4.      The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases on **April 13, 2017**, which is attached hereto as **Exhibit 2**, along with various subsequent adjournment notices, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the LBRs.

## III.    Approval of the Materials and Timeline for Soliciting Votes

### A.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement

5.      The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

a.      **August 25, 2017**, as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date").

3

b.    the Debtors shall distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan by **September 8, 2017** (the "Solicitation Deadline"); and

c.    all Holders of Claims entitled to vote on the Plan must complete, execute, and return their Ballots so that they are **actually received** by the Notice and Claims Agent pursuant to the Solicitation and Voting Procedures, on or before **October 27, 2017, at 5:00 p.m.** prevailing Eastern Time (the "Voting Deadline").

6.      Nothing in this order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

**B.      Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

7.      In addition to the Disclosure Statement and exhibits thereto, including the Plan and this order (without exhibits, except the Solicitation and Voting Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.    an appropriate form of Ballot attached hereto as **Exhibits 3A**, **3B**, **3C**, and **3D**, respectively;[3]

b.    the Cover Letter attached hereto as **Exhibit 7**;

c.    a letter from the Committee in support of the Plan; and

d.    the Confirmation Hearing Notice attached hereto as **Exhibit 8**.

---

[3]    The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

KE 48464595

8.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the LBRs.

9.      The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the LBRs.

10.     The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims entitled to vote on the Plan in electronic format.  The Ballots as well as the Cover Letter and the Confirmation Hearing Notice will be provided in paper form.  On or before the Solicitation Deadline, the Debtors (through their Notice and Claims Agent) shall provide complete Solicitation Packages to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

11.     Any party that receives the materials in electronic format but would prefer to receive materials in paper format, may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

12.     The Notice and Claims Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to

5

accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

13.    The Notice and Claims Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

C.    **Approval of the Confirmation Hearing Notice**

14.    The Confirmation Hearing Notice, in the form attached hereto as __**Exhibit 8**__ filed by the Debtors and served upon parties in interest in these Chapter 11 Cases on or before the Solicitation Deadline constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the LBRs.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time on or before __**September 8, 2017**__, in the national edition of *The Wall Street Journal*.

D.    **Approval of Notice of Filing of the Plan Supplement**

15.    The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served ten days prior to the Plan Objection Deadline, substantially in the form attached hereto as __**Exhibit 9**__, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

KE 48464595

### E. Approval of the Form of Notices to Non-Voting Classes

15.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

    a.    ***Unimpaired Claims—Conclusively Presumed to Accept.***  Holders of Claims in Classes 1, 2, 7, 8, and 10 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this order as **Exhibit 4**, in lieu of a Solicitation Package.

    b.    ***Other Interests and Claims—Deemed to Reject.***  Holders of Interests in Classes 9 and 11 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this order as **Exhibit 5**, in lieu of a Solicitation Package.

    c.    ***Disputed Claims.***  Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this order as **Exhibit 6**.

16.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

### F. Approval of Notices to Contract and Lease Counterparties

17.     The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), in the forms

KE 48464595

attached hereto as **Exhibit 10** and **Exhibit 11** to the applicable counterparties to Executory

Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case

may be), within the time periods specified in the Plan.

### IV.    Approval of the Solicitation and Voting Procedures

18.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the

Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**,

which are hereby approved in their entirety.

19.    The following dates are hereby established (subject to modification as needed)

with respect to confirming the Plan:

      a.    **November 7, 2017**, shall be the date by which the voting certification
           must be filed with the Court; and

      b.    the Court shall consider Confirmation of the Plan at the hearing to be held
           on **November 15, 2017** (the "Confirmation Hearing Date").

### V.    Approval of the Second Lien Call Procedures

20.    The Second Lien Call Procedures (including, but not limited to, the Second Lien

Call Right Exercise Form, the Record Date, and the Second Lien Call Right Expiration Date,

each as defined therein, and all exhibits annexes, and attachments thereto), substantially in the

form attached hereto as **Exhibit 12** are hereby approved in their entirety.

21.    The Debtors shall cause (a) a copy of the Second Lien Call Procedures and (b) the

Second Lien Call Right Exercise Form to be served on Holders of Second Lien Notes Claims.

22.    The Notice and Claims Agent is authorized to assist the Debtors in conducting all

aspects of the Second Lien Call Procedures, including, among other things, distributing and

collecting Second Lien Call Right Exercise Forms and maintaining an escrow account for

holding funds deposited on account of Subscription Amounts.

KE 48464595

23.    All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

25.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

New York, New York                            /s/ STUART M. BERNSTEIN
Date:  August 25, 2017                         _____
                                              THE HONORABLE STUART M. BERNSTEIN
                                              UNITED STATES BANKRUPTCY JUDGE

KE 48464595

**Exhibit 1**

**Solicitation and Voting Procedures**

KE 48464595

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●] 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Second Lien Call Procedures.

### A.    The Voting Record Date

The Court has approved **August 25, 2017**, as the record date for purposes of determining which Holders of Claims in Class 3 (First Lien Debt Claims),[3] Class 4 (Second Lien Notes Claims), Class 5 (PBGC Claims), Class 6 (General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

[3]    For the avoidance of doubt, solely with respect to Debtor Avaya Holdings Corp., Class 3 shall consist of all First Lien Debt Claims other than First Lien Notes Claims.

KE 48464595

**B.    The Voting Deadline**

The Court has approved **October 27, 2017 at 5:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots ("Ballots") must be properly executed, completed, and returned in the pre-paid, pre-addressed return envelope included in the Solicitation Package or delivered by: (1) first class mail; (2) overnight courier; (3) personal delivery; (4) the online balloting portal (as appropriate and in accordance with the instructions accompanying the Ballot) so that they are **actually received**, in any case, no later than the Voting Deadline by Prime Clerk LLC (the "Notice and Claims Agent"). All Ballots returned by mail or personal delivery should be sent to: Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. Delivery of a Ballot to the Notice and Claims Agent by facsimile or any other electronic means other than the online balloting portal will not be valid. Notwithstanding the foregoing, only banks, brokers, nominees, or their agents ("Nominees") that hold in record name on behalf of beneficial holders of the First Lien Notes and Second Lien Notes may return their Master Ballot to the Notice and Claims Agent via electronic mail to avayaballots@primeclerk.com.

**C.    Form, Content, and Manner of Notices**

1.    **The Solicitation Package**.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    a copy of these Solicitation and Voting Procedures;

b.    the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed By the Debtors and Related Voting and Objection Deadlines*, in substantially the form annexed as **Exhibit 8** to the Disclosure Statement Order (the "Confirmation Hearing Notice");

c.    a Cover Letter, in substantially the form annexed as **Exhibit 7** to the Disclosure Statement Order describing the contents of the Solicitation Package and urging the Holders of Claims in each of the Voting Classes to vote to accept the Plan;

d.    the applicable form of Ballot, in substantially the form of Ballots annexed as **Exhibits 3A**, **3B**, **3C**, and **3D** to the Disclosure Statement Order, as applicable, including a pre-paid, pre-addressed return envelope;

e.    the approved Disclosure Statement (and exhibits thereto, including the Plan);

2

f.      the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures);

g.      a letter from the Committee encouraging the Holders of Claims in Class 6 to accept the Plan; and

h.      any additional documents that the Court has ordered to be made available.

2.      **Distribution of the Solicitation Package**

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format (CD-ROM or flash drive), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any party that receives the materials in electronic format but would prefer paper format may contact the Notice and Claims Agent by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; (c) writing to Prime Clerk LLC, Attn: Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; and/or (d) emailing avayaballots@primeclerk.com and requesting paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.  In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes on or before the date that is fourteen (14) days after entry of the Disclosure Statement Order (expected to be **September 8, 2017**) who are entitled to vote, as described in section D herein.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.      **Resolution of Disputed Claims for Voting Purposes; Resolution Event**

a.      Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis filed prior to the Voting Deadline shall be entitled to vote such Claim in the reduced amount contained in such objection.

b.      If a Claim in a Voting Class is subject to an objection, other than a "reduce and allow" objection, that is filed with the Court on or prior to seven (7) days before the Voting Deadline:   (i) the Debtors shall cause the applicable Holder to be served with a Disputed Claim Notice substantially in the form annexed as **Exhibit 6** to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject

3

the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

c.    If a Claim in a Voting Class is subject to an objection, other than a "reduce and allow" objection, that is filed with the Court less than seven (7) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.    A "Resolution Event" means the occurrence of one or more of the following events no later than three (3) business days prior to the Voting Deadline:

  i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

  ii.   an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

  iii.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

  iv.   the pending objection is voluntarily withdrawn by the objecting party.

e.    No later than one (1) business day following the occurrence of a Resolution Event, the Debtors shall cause the Notice and Claims Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder; provided, however, that where a Resolution Event occurs with respect to a General Unsecured Claim in a Voting Class that is subject to an objection, such Holder of a General Unsecured Claim shall receive a Ballot whereby the Holder is given the option to make the GUC Election (as defined in the Plan).

4.    **Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan**

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as **Exhibit 4** to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding

4

Ballots).  Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Equity Interests Deemed to Reject the Plan*, substantially in the form annexed as **Exhibit 5** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  In addition, Holders of Claims and Interests in the classes deemed to reject the Plan will also receive the Disclosure Statement (together with the Plan attached as **Exhibit A** thereto).

5.    **Notices in Respect of Executory Contracts and Unexpired Leases**

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice of Assumption of Executory Contracts and Unexpired Leases* or *Notice of Rejection of Executory Contracts and Unexpired Leases* substantially in the forms attached as **Exhibit 10** and **Exhibit 11** to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption, rejection, and/or cure amount, as applicable.  Such objections must be **actually received** by the Notice and Claims Agent by **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time.

D.    **Voting and Tabulation Procedures**

1.    **Holders of Claims Entitled to Vote**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; provided that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.    Holders of Claims that are listed in the Schedules, provided that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in section D.3(d) of these Solicitation and Voting Procedures;

c.    Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors

5

pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d. Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e. with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, to the assignee of such Claim; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

**2.** **Establishing Claim Amounts for Voting Purposes**

a. **Class 3 First Lien Debt Claims**.  The Claim amount of Class 3 Claims for voting purposes only will be established based on the amount of the applicable positions held by such Claim Holder, as of the Voting Record Date, as evidenced by the applicable records provided by the First Lien Agents under the Debtors' First Lien Debt or applicable Nominees under the Debtors' First Lien Notes as evidenced by the securities position report(s) from the Depository Trust Company ("DTC"), as the case may be, in electronic Microsoft Excel format to the Debtors or the Notice and Claims Agent no later than one business day following the Voting Record Date. For the avoidance of doubt, solely with respect to Debtor Avaya Holdings Corp., Class 3 shall consist of all First Lien Debt Claims other than First Lien Notes Claims.

b. **Class 4 Claims - Second Lien Notes Claims**.  The Claim amount of Class 4 Claims of directly registered and Beneficial Holders for voting purposes only will be established through the Second Lien Notes Trustee or applicable Nominees under the Debtors' Second Lien Notes, as the case may be, in the amount of the applicable positions held as of the Voting Record Date, by such registered Holder as evidenced by records of the Second Lien Notes Trustee or by the applicable Nominees for Holders of Class 4 Claims as evidenced by the securities position report(s) from DTC.

**3.** **Filed and Scheduled Claims**

The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Notice and Claims Agent, as applicable, are not binding for purposes of allowance and distribution.   In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a. the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the

6

Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in the Solicitation and Voting Procedures;

c.    the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; _provided, however,_ that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim (for example, a claim based on litigation) or in a wholly-unliquidated or unknown amount based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or its advisors that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; _provided further, however,_ that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

d.    the Claim amount listed in the Schedules, _provided_ that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid (in which case, such contingent, disputed, or unliquidated scheduled Claim shall be disallowed for voting purposes); and

e.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last timely-filed Claim shall be subject to these rules and will supersede any earlier filed claim, and any earlier filed Claim will be disallowed for voting purposes.

## 4.    **Voting and Ballot Tabulation Procedures**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or LBRs:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as such Voting Deadline may be extended by the Debtors after order of the Court), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.      the Notice and Claims Agent will date-stamp all Ballots when received. The Notice and Claims Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court. The Notice and Claims Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

c.      consistent with the requirements of LBR 3018-1, the Debtors will file with the Court, at least seven (7) days prior to the Confirmation Hearing, a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims or Allowed Interest of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee;

d.      the method of delivery of Ballots to be sent to the Notice and Claims Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Notice and Claims Agent actually receives the executed Ballot;

e.      an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Notice and Claims Agent by facsimile, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

f.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot, subject to Bankruptcy Rule 3018(a); provided that a Holder may not change its vote in a previously cast Ballot from acceptance to rejection or from rejection to acceptance

8

without first obtaining authority from the Bankruptcy Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a). Accordingly, a Ballot changing a vote in a previously submitted Ballot without authority from the Bankruptcy Court will not be counted.

h.    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

i.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

j.    the Debtors may seek an order of the Court allowing the waiver of any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.    to the extent any defects or irregularities in connection with deliveries of Ballots are not cured prior to the Voting Deadline, the Debtors may seek a Court order determining that such Ballots should not be counted;

m.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report;

o.    if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

p.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

9

q.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the online balloting portal or a Master Ballot received from a Nominee will be deemed to be an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

r.      after the Voting Deadline, and subject to the requirements of Bankruptcy Rule 3018(a), no Ballot may be withdrawn or modified without the prior written consent of the Debtors and order of the Court;

s.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

t.      where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be: (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that: (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

### E.      Amendments to the Plan and Solicitation and Voting Procedures

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

KE 48464595

**<u>Exhibit 2</u>**

**Disclosure Statement Hearing Notice**

<u>**Exhibit 3A**</u>

**Form Ballot**

KE 48464595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

BALLOT FOR VOTING TO ACCEPT OR REJECT THE FIRST AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION OF AVAYA INC. AND ITS DEBTOR AFFILIATES

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,
and returned so as to be actually received by the Notice and Claims Agent by October 27, 2017
at 5:00 p.m. Prevailing Eastern Time (the "Voting Deadline") in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "Disclosure Statement").    The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2017 (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are a Holder of a Claim in the Class indicated in Item 1 below as of **August 25, 2017** (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials).  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "Notice and Claims Agent") at no charge by:  (i) accessing the Debtors' restructuring website with the Notice

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

and Claims Agent at https://cases.primeclerk.com/avaya; (ii) writing to the Notice and Claims Agent at Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; (iii) calling the Notice and Claims Agent at (855) 252-2156; (iv) emailing avayaballots@primeclerk.com; or (v) submitting an inquiry at https://cases.primeclerk.com/avaya/Home-SubmitInquiry; or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain elections and certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent **immediately** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in the Class of Claims under the Plan indicated in Item 1 below.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Claims in the class indicated below in the following aggregate amount (insert amount in box below):

---

Class: _____

Debtor:_____

Voting Amount: $_____

---

**Item 2. Important information regarding the Third Party Release.**

**Article VIII.D of the Plan contains the following provision:[2]**

**As of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the DIP Financing, the Plan Support Agreement, the PBGC Settlement, the Avaya Salaried Pension Plan and the termination thereof, any Claims or Causes of Action that may exist with respect to all Released Parties as of the Confirmation Date or, with respect to PBGC, as of the termination of the Avaya Salaried Pension Plan, on account of the Avaya Hourly Pension Plan or the Avaya Salaried Pension Plan, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, or any other action or transaction relating in any way to any of the foregoing, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date related**

---

[2]    The definition of Releasing Party is set forth in Article VII.H.4 of the Disclosure Statement.  The Released Parties are set forth in Article VIII.B.1 of the Disclosure Statement.

KE 48464595

or relating to the foregoing. **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Confirmation Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan other than with respect to the termination of the Avaya Salaried Pension Plan, for which the foregoing "Third Party Release" shall be effective with respect to any Claim or Cause of Action arising prior to or as of the termination of the Avaya Salaried Pension Plan. Notwithstanding anything contained herein, the foregoing Third Party Release (a) is applicable only to the maximum extent permitted by law (b) does not release any Causes of Action held by the PBGC against any Entity arising from a breach of fiduciary duty under Title I of ERISA, and (c) does not release any obligations to maintain the Avaya Hourly Pension Plan after the Effective Date in accordance with <u>Article IV.S</u>.**

*    *    *    *    *

<b><u>If you vote to accept the Plan, you will be deemed to consent to the Third Party Release.</u></b>

<u>**Item 3**</u>.  **Vote on Plan.**

The Holder of the Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| <u>ACCEPT</u> (vote FOR) the Plan | <u>REJECT</u> (vote AGAINST) the Plan |
|---|---|

<u>**Item 4**</u>.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)  **that, as of the Voting Record Date, either:  (i) the Entity is the Holder of the Claims being voted on this Ballot; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims being voted on this Ballot;**

(b)  **that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;**

(c)  **that the Entity, if it votes in favor of the Plan, will be deemed to have consented to the Third Party Release;**

(d)  **that the Entity has cast the same vote with respect to all its Claims in a single Class; and**

(e)  **that no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.**

<i>[Remainder of Page Intentionally Left Blank]</i>

3

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)
promptly in the envelope provided via first class mail, overnight courier, hand-delivery to:**

**Avaya Inc. Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 3rd Floor,
New York, NY 10022**

**Alternatively, to submit your Ballot** via the Notice and Claims Agent's online balloting portal, visit
https://cases.primeclerk.com/avaya. Click on the "Submit E-Ballot" section of the website and follow the
instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized
electronic Ballot:**

**Unique E-Ballot ID#:**_____

**The Notice and Claims Agent's online balloting portal is the sole manner in which Ballots will be accepted via
electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic
transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic
Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.
Creditors who cast a Ballot using the Notice and Claims Agent's online portal should NOT also submit a
paper Ballot.**

| |
|---|
| **If the Notice and Claims Agent does not actually receive this Ballot on or before <u>October 27, 2017, at 5:00 p.m.</u> prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.** |

4

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot. **Ballots will not be accepted by facsimile or other electronic means (other than via the online balloting portal).**

4. **Use of Hard Copy Ballot.** To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre addressed envelope or via first class mail, overnight courier, or hand delivery to Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022 in accordance with paragraph 6 below.

5. **Use of Online Ballot Portal.** To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at http://cases.primeclerk.com/avaya (click "Submit E-Ballot" link). You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Your Ballot **must** be returned to the Notice and Claims Agent so as to be **actually received** by the Notice and Claims Agent on or before the Voting Deadline. The Voting Deadline is **October 27, 2017, at 5:00 p.m.** prevailing Eastern Time.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. **Additionally, the following Ballots will not be counted**:

   (a) any Ballot that partially rejects and partially accepts the Plan;
   (b) Ballot sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors;
   (c) Ballot sent by facsimile or any electronic means other than via the online balloting portal;
   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
   (e) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
   (g) any unsigned Ballot;
   (h) any non-original Ballot (excluding those Ballots submitted via the online balloting portal); and/or any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Ballot to the Notice and Claims Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent **actually receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

5

9. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots; provided that a Holder may not change its vote in a previously cast Ballot from acceptance to rejection or from rejection to acceptance without first obtaining authority from the Bankruptcy Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a).  Accordingly, a Ballot changing a vote in a previously submitted Ballot without authority from the Bankruptcy Court will not be counted.

10. You must vote all of your Claims within a Class either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Claims within a Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within such Class for the purpose of counting votes.

11. This Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.

13. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes **only** your Claims indicated on that ballot, so please complete and return each ballot that you received.

### Please return your Ballot promptly

**If you have any questions regarding this Ballot, these Voting Instructions or the Procedures
for Voting, please call the restructuring hotline at (855) 252-2156 or email avayaballots@primeclerk.com.**

---

**If the Notice and Claims Agent does not actually receive this Ballot on or before the Voting Deadline, which is on October 27, 2017, at 5:00 p.m. Prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

6

## Exhibit 3B

**Form Master Ballot**

KE 48464595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE FIRST AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION OF AVAYA INC. AND ITS DEBTOR AFFILIATES**

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,
and returned so as to be actually received by the Notice and Claims Agent by <u>October 27, 2017
at 5:00 p.m.</u> Prevailing Eastern Time (the "<u>Voting Deadline</u>") in accordance with the following:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "<u>Disclosure Statement</u>").    The Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2017 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this master ballot (the "<u>Master Ballot</u>") because you are the Nominee (as defined below) of a Beneficial Holder of the Claims indicated on **Exhibit A** hereto as of **August 25, 2017** (the "<u>Voting Record Date</u>").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "<u>Nominee</u>"); or as the proxy holder of a Nominee for certain Beneficial Holders of the Claims indicated on Exhibit A hereto, to transmit to the Notice and Claims Agent (as defined below) the votes of such Beneficial Holders in respect of their Claims to accept or reject the Plan.** This Master Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

**[Plan Class and CUSIP indicated on <u>Exhibit A</u> hereto]**

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "Notice and Claims Agent") at no charge by: (i) accessing the Debtors' restructuring website with the Notice and Claims Agent at https://cases.primeclerk.com/avaya; (ii) writing to the Notice and Claims Agent at Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; (iii) calling the Notice and Claims Agent at (855) 252-2156; (iv) emailing avayaballots@primeclerk.com; or (v) submitting an inquiry at https://cases.primeclerk.com/avaya/Home-SubmitInquiry; or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain elections and certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Notice and Claims Agent **immediately** at the address, telephone number, or email address set forth above.

**The votes transmitted on this Master Ballot for certain Beneficial Holders of Claims in the Class indicated on Exhibit A shall be applied to each Debtor against whom such Beneficial Holders have a Claim.**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Notice and Claims Agent **actually receives** it on or before the Voting Deadline.

**The Voting Deadline is on October 27, 2017, at 5:00 p.m., Prevailing Eastern Time.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Claims listed in Item 3 below, and is the record Holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the aggregate principal amount of Claims listed in Item 3 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Claims listed in Item 3 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Claims described in Item 3.

[Plan Class and CUSIP indicated on **Exhibit A** hereto]
2

**Item 2.  Important information regarding the Third Party Release.**

**Article VIII.D of the Plan contains the following provision:[2]**

    **As of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the DIP Financing, the Plan Support Agreement, the PBGC Settlement, the Avaya Salaried Pension Plan and the termination thereof, any Claims or Causes of Action that may exist with respect to all Released Parties as of the Confirmation Date or, with respect to PBGC, as of the termination of the Avaya Salaried Pension Plan, on account of the Avaya Hourly Pension Plan or the Avaya Salaried Pension Plan, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, or any other action or transaction relating in any way to any of the foregoing, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Confirmation Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan other than with respect to the termination of the Avaya Salaried Pension Plan, for which the foregoing "Third Party Release" shall be effective with respect to any Claim or Cause of Action arising prior to or as of the termination of the Avaya Salaried Pension Plan. Notwithstanding anything contained herein, the foregoing Third Party Release (a) is applicable only to the maximum extent permitted by law (b) does not release any Causes of Action held by the PBGC against any Entity arising from a breach of fiduciary duty under Title I of ERISA, and (c) does not release any obligations to maintain the Avaya Hourly Pension Plan after the Effective Date in accordance with Article IV.S.**

\*    \*    \*    \*    \*

**Item 3.  Claims Vote on Plan:**

The undersigned transmits the following votes, and releases of Beneficial Holders of Claims in the Class indicated on **Exhibit A** hereto and certifies that the following Beneficial Holders of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Holder must vote all such Beneficial Holder's Claims to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

---

[2]    The definition of Releasing Party is set forth in Article VII.H.4 of the Disclosure Statement.  The Released Parties are set forth in Article VIII.B.1 of the Disclosure Statement.

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

3

| Your Customer Account Number for Each Beneficial Holder of Claims | Principal Amount Held as of Voting Record Date | Item 3 Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | |
|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan |
| 1 | $ | ☐ | | ☐ |
| 2 | $ | ☐ | | ☐ |
| 3 | $ | ☐ | | ☐ |
| 4 | $ | ☐ | | ☐ |
| 5 | $ | ☐ | | ☐ |
| 6 | $ | ☐ | | ☐ |
| TOTALS | $ | | | |

**Item 4.** **Other Ballots Submitted by Beneficial Holders in the same class.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Beneficial Holder Ballot:

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 5 of the Beneficial Holder Ballot. | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Registered Holder or Nominee | Principal Amount of other Class Claims | CUSIP of other Class Claims Votes |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

**Item 5.** **Certifications.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

    (a) **it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims listed in Item 3 above;**

    (b) **it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 3 of this Master Ballot;**

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

4

(c)  **it is the registered Holder of all the Claims listed in Item 3 above being voted, or it has been authorized by each Beneficial Holder of the Claims listed in Item 3 above to vote on the Plan; and**

(d)  **no other Master Ballots with respect to the same Claims identified in Item 3 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier received Master Ballots are hereby revoked;**

(e)  **it has properly disclosed:  (i) the number of Beneficial Holders of Claims who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Claims owned, as the case may be, by each Beneficial Holder of the Claims who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder of Claims' respective vote concerning the Plan; (iv) each such Beneficial Holder of Claims' certification as to other Claims voted in the same Class; and (v) the customer account or other identification number for each such Beneficial Holder of Claims; and**

(f)  **it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders of Claims (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.**

| | |
|---|---|
| Name of Nominee: | |
| | *(Print or Type)* |
| Participant Number: | |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | *(Print or Type)* |
| Signature: | |
| Name of Signatory: | |
| | |
| Title: | |
| Address: | |
| | |
| Date Completed: | |
| Email Address: | |

**Avaya Inc. Ballot Processing**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 3rd Floor**
**New York, NY 10022**

**Nominees are also permitted to return this Master Ballot to the**
**Notice and Claims Agent via email to avayaballots@primeclerk.com.**

---

**If the Notice and Claims Agent does not actually receive this Master Ballot on or before <u>October 27, 2017, at 5:00 p.m.</u> Prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted by this Master Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

---

[Plan Class and CUSIP indicated on **<u>Exhibit A</u>** hereto]

5

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Notice and Claims Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **October 27, 2017, at 5:00 p.m.**, prevailing Eastern Time or otherwise validate the Master Ballot in a manner acceptable to the Notice and Claims Agent.

4. If you are transmitting the votes of any Beneficial Holder of Claims other than yourself, you may either:

    (a) "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Notice and Claims Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Claims held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the remaining information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Notice and Claims Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; or

    (b) Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Claim for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Notice and Claims Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Notice and Claims Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots (or otherwise transmit their vote) to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Notice and Claims Agent so that the Master Ballot is actually received by the Notice and Claims Agent on or before the Voting Deadline.

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

6

customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Notice and Claims Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one (1) year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots (or evidence of the vote transmitted to you) to the Debtors or the Bankruptcy Court.

6.  The Master Ballot **must** be returned to the Notice and Claims Agent so as to be **actually received** by the Notice and Claims Agent on or before the Voting Deadline. The Voting Deadline is **October 27, 2017, at 5:00 p.m.**, prevailing Eastern Time.

7.  If a Master Ballot is received **after** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. **Additionally, the following Master Ballots will not be counted**:

    (a)  any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    (b)  any Master Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (c)  any Master Ballot sent by facsimile or any electronic means other than electronic mail;

    (d)  any unsigned Master Ballot;

    (e)  any Master Ballot that does not contain an original signature provided however, that any Master Ballot submitted via electronic mail shall be deemed to contain an original signature;

    (f)  any Master Ballot not marked to accept or reject the Plan; and

    (g)  any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8.  The method of delivery of Master Ballots to the Notice and Claims Agent is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent **actually receives** the executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9.  If a Beneficial Holder or Nominee holds a Claim in a Voting Class against multiple Debtors, a vote on their Beneficial Holder Ballot will apply to all applicable Classes and Debtors against whom such Beneficial Holder or Nominee has such Claim, as applicable, in that Voting Class.

10.  If multiple Master Ballots are received from the same Nominee with respect to the same Claims voted on a Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots; provided that a Nominee may not change any votes in a previously cast Master Ballot from acceptance to rejection or from rejection to acceptance without first obtaining authority from the Bankruptcy Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a). Accordingly, a Master Ballot changing any votes in a previously submitted Master Ballot without authority from the Bankruptcy Court will not be counted.

11.  The Master Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12.  **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing the Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Notice and Claims

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

7

Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.

13. If you are both the Nominee and the Beneficial Holder of any of the Claims indicated on **Exhibit A** of the Master Ballot or Beneficial Holder Ballot, as applicable, and you wish to vote such Claims, you may return a Beneficial Holder Ballot or Master Ballot for such Claims and you must vote your entire Claims in the same Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, that partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, the Debtors and the Notice and Claims Agent shall use reasonable efforts to aggregate separate Claims held by a single creditor in a particular Class and treat such creditor as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; provided, however, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity may be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots:

  (a) votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims as of the Record Voting Date, as evidenced by the record and depository listings;

  (b) votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Claims held by such Nominee;

  (c) to the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Notice and Claims Agent will attempt to reconcile discrepancies with the Nominee;

  (d) to the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Notice and Claims Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in the Claims; and

  (e) for purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Notice and Claims Agent may be asked to adjust such principal amount to reflect the claim amount.

**Please return your Master Ballot promptly**

**If you have any questions regarding this Master Ballot,**
**these Voting Instructions or the Procedures for Voting, please call the**
**restructuring hotline at: (855) 252-2156 or email avayaballots@primeclerk.com.**

---

If the Notice and Claims Agent does not _actually_ _receive_ this Master Ballot on or before the Voting Deadline, which is on October 27, 2017, at 5:00 p.m. Prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.

---

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

8

## **Exhibit A**

**Please check one (1) box below to indicate the Plan Class and CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):**

| | **Class 3 (First Lien Debt Claims)** | |
|---|---|---|
| ☐ | 7.00% First Lien Notes due 2019 (144A) | CUSIP 053499AG4 / ISIN US053499AG41 |
| ☐ | 7.00% First Lien Notes due 2019 (REGS) | CUSIP U05258AC9 / ISIN USU0528AC98 |
| ☐ | 9.00% First Lien Notes due 2019 (144A) | CUSIP 053499AH2 / ISIN US053499AH24 |
| ☐ | 9.00% First Lien Notes due 2019 (REGS) | CUSIP U05258AD7 / ISIN USU05258AD71 |
| | **Class 4 (Second Lien Notes Claims)** | |
| ☐ | 10.50% Second Lien Notes due 2021 (144A) | CUSIP 053499AJ8 / ISIN US053499AJ89 |
| ☐ | 10.50% Second Lien Notes due 2021 (REGS) | CUSIP U05258AE5 / ISIN USU05258AE54 |

**<u>Exhibit 3C</u>**

**Form Beneficial Holder Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT THE FIRST AMENDED
JOINT CHAPTER 11 PLAN OF REORGANIZATION OF AVAYA INC. AND ITS DEBTOR AFFILIATES**

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, your Beneficial Holder Ballot must be completed, executed, and
returned so as to be <u>actually received</u> by the Notice and Claims agent by <u>October 27, 2017, at 5:00 p.m.</u>
prevailing Eastern Time (the "<u>Voting Deadline</u>"). If, however, you hold your Claims through a Nominee (as
defined below) and received a return envelope addressed to your Nominee or your Nominee's agent, you must
follow the directions of your Nominee to cast your vote and allow sufficient time for your Nominee to receive
your vote and transmit such vote on a Master Ballot, which Master Ballot must be returned to the Notice and
Claims Agent by the Voting Deadline in order for your vote to be counted.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with
respect to the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as
may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the First Amended Joint
Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time,
the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy
Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the
Bankruptcy Code, by entry of an order on [●], 2017 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court
approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized
terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Ballot for Beneficial Holders[2] (the "<u>Beneficial Holder Ballot</u>") because you are a Beneficial
Holder of a Claim in the Class indicated on **Exhibit A** hereto as of **August 25, 2017** (the "<u>Voting Record Date</u>").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal
Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC
(3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya
Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia
Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc.
(9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The
location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America
Parkway, Santa Clara, CA 95054.

[2]    A "<u>Beneficial Holder</u>" means a beneficial owner of publicly-traded securities whose claims have not been
satisfied prior to the Voting Record Date (as defined herein) pursuant to Bankruptcy Court order or otherwise,
as reflected in the records maintained by the Nominees holding through DTC.

**[Plan Class and CUSIP indicated on <u>Exhibit A</u> hereto]**

Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, who will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of the Class of Claims indicated on **Exhibit A** hereto.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Beneficial Holder Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "Notice and Claims Agent") at no charge by: (i) accessing the Debtors' restructuring website with the Notice and Claims Agent at https://cases.primeclerk.com/avaya; (ii) writing to the Notice and Claims Agent at Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; (iii) calling the Notice and Claims Agent at (855) 252-2156; (iv) emailing avayaballots@primeclerk.com; or (v) submitting an inquiry at https://cases.primeclerk.com/avaya/Home-SubmitInquiry; or (b) for a fee via PACER at http://www.nysb.uscourts.gov.

This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain elections and certifications with respect to the Plan. If you believe you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent **immediately** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in the Class of Claims indicated on **Exhibit A** hereto, under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

Unless otherwise instructed by your Nominee, in order for your vote to count, your Nominee must receive this Beneficial Holder Ballot in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Notice and Claims Agent on or before the Voting Deadline, which is **October 27, 2017, at 5:00 p.m.**, prevailing Eastern Time. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder of Claims in the Class indicated on **Exhibit A** hereto in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

$$\boxed{\qquad \$\rule{5cm}{0.4pt} \qquad}$$

**Item 2. Important information regarding the Third Party Release.**

**Article VIII.D of the Plan contains the following provision:[3]**

> **As of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and**

---

[3]    The definition of Releasing Party is set forth in Article VII.H.4 of the Disclosure Statement. The Released Parties are set forth in Article VIII.B.1 of the Disclosure Statement.

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

2

**Causes of Action, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the DIP Financing, the Plan Support Agreement, the PBGC Settlement, the Avaya Salaried Pension Plan and the termination thereof, any Claims or Causes of Action that may exist with respect to all Released Parties as of the Confirmation Date or, with respect to PBGC, as of the termination of the Avaya Salaried Pension Plan, on account of the Avaya Hourly Pension Plan or the Avaya Salaried Pension Plan, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, or any other action or transaction relating in any way to any of the foregoing, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Confirmation Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan other than with respect to the termination of the Avaya Salaried Pension Plan, for which the foregoing "Third Party Release" shall be effective with respect to any Claim or Cause of Action arising prior to or as of the termination of the Avaya Salaried Pension Plan. Notwithstanding anything contained herein, the foregoing Third Party Release (a) is applicable only to the maximum extent permitted by law (b) does not release any Causes of Action held by the PBGC against any Entity arising from a breach of fiduciary duty under Title I of ERISA, and (c) does not release any obligations to maintain the Avaya Hourly Pension Plan after the Effective Date in accordance with Article IV.S.**

*     *     *     *     *

<u>**If you vote to accept the Plan, you will be deemed to consent to the Third Party Release.**</u>

<u>**Item 3**</u>.  **Vote on Plan.**

The Holder of the Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| <u>ACCEPT</u> (vote FOR) the Plan | <u>REJECT</u> (vote AGAINST) the Plan |
|---|---|

<u>**Item 4.**</u>  **Other Beneficial Holder Ballots Submitted.**  By returning this Beneficial Holder Ballot, the Holder of the Claims identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for Claims identified in Item 1 owned by such Holder, except as identified in the following table, and (b) all Beneficial Holder Ballots submitted by the Holder in the same Class indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 3 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED <u>OTHER</u>
CLAIMS IN THE SAME CLASS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Registered Holder or Nominee | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |

[Plan Class and CUSIP indicated on <u>**Exhibit A**</u> hereto]

3

**Item 5.**  **Certifications.**

By signing this Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) **that, as of the Voting Record Date, either:  (i) the Entity is the holder of the Claims being voted on this Beneficial Holder Ballot; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Claims being voted on this Beneficial Holder Ballot;**

(b) **that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;**

(c) **that the Entity, if it votes in favor of the Plan, will be deemed to have consented to the Third Party Release;**

(d) **that the Entity has cast the same vote with respect to all Claims in a single Class; and**

(e) **that no other Beneficial Holder Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Claims, then any such earlier received Beneficial Holder Ballots are hereby revoked.**

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it promptly in the
envelope provided or otherwise in accordance with the instructions of your Nominee.**

**If the Notice and Claims Agent does not actually receive the Master Ballot reflecting the vote cast on this Beneficial Holder Ballot (or your pre-validated Beneficial Holder Ballot) on or before <u>October 27, 2017, at 5:00 p.m.</u> prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted by this Beneficial Holder Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

[Plan Class and CUSIP indicated on **<u>Exhibit A</u>** hereto]

4

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.   Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Beneficial Holder Ballot.   **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must submit your Beneficial Holder Ballot to your Nominee in sufficient time to allow your Nominee to process your vote and submit a Master Ballot so that the Master Ballot is actually received by the Notice and Claims Agent by the Voting Deadline.   You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Beneficial Holder Ballot; and (c) sign and return the Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.   The Voting Deadline for the receipt of Master Ballots by the Notice and Claims Agent is **October 27, 2017, at 5:00 p.m.**, prevailing Eastern Time.  Your completed Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Notice and Claims Agent on or before the Voting Deadline.

4. **The following Beneficial Holder Ballots will <u>not</u> be counted**:

    (a) any Beneficial Holder Ballot that partially rejects and partially accepts the Plan;
    (b) Beneficial Holder Ballot sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent and only with respect to a pre-validated Beneficial Holder Ballot), any indenture trustee, or the Debtors' financial or legal advisors;
    (c) Beneficial Holder Ballot returned to a Nominee not in accordance with the Nominee's instructions;
    (d) any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e) any Beneficial Holder Ballot cast by an Entity that does not hold a Claim in the Class indicated on **Exhibit A** hereto;
    (f) any Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g) any unsigned Beneficial Holder Ballot (except in accordance with the Nominee's instructions);
    (h) any non-original Beneficial Holder Ballot (except in accordance with the Nominee's instructions); and/or
    (i) any Beneficial Holder Ballot not marked to accept or reject the Plan or any Beneficial Holder Ballot marked both to accept and reject the Plan.

5. If your Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Beneficial Holder Ballot to your Nominee.  No Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Notice and Claims Agent and only with respect to a pre-validated Beneficial Holder Ballot), the Debtors' financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Beneficial Holder Ballots to the Nominee with respect to the same Claim prior to the Voting Deadline, the last received valid Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

7. You must vote all of your Claims within the same Class either to accept or reject the Plan and may **not** split your vote.   Further, if a Holder has multiple Claims within the same, the Debtors may, in their discretion,

[Plan Class and CUSIP indicated on **Exhibit A** hereto]
5

KE 48464595

aggregate the Claims of any particular holder with multiple Claims within the same Class for the purpose of counting votes.

8. This Beneficial Holder Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. **Please be sure to sign and date your Beneficial Holder Ballot**.  If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.

10. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes **only** your Claims indicated on that ballot, so please complete and return each ballot that you receive.

11. The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

**Please return your Beneficial Holder Ballot promptly**

**If you have any questions regarding this Beneficial Holder**
**Ballot, these Voting Instructions or the Procedures for Voting, please call the**
**restructuring hotline at (855) 252-2156 or email avayaballots@primeclerk.com.**

---

**If the Notice and Claims Agent does not actually receive the Master Ballot reflecting the vote cast on this Beneficial Holder Ballot (or your pre-validated Beneficial Holder Ballot) on or before October 27, 2017, at 5:00 p.m. prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted by this Beneficial Holder Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

---

[Plan Class and CUSIP indicated on **Exhibit A** hereto]

6

## Exhibit A

**Your Nominee may have checked a box below to indicate the Plan Class and CUSIP/ISIN to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Holder Ballot:**

| | | |
|---|---|---|
| **Class 3 (First Lien Debt Claims)** | | |
| ☐ | 7.00% First Lien Notes due 2019 (144A) | CUSIP 053499AG4 / ISIN US053499AG41 |
| ☐ | 7.00% First Lien Notes due 2019 (REGS) | CUSIP U05258AC9 / ISIN USU0528AC98 |
| ☐ | 9.00% First Lien Notes due 2019 (144A) | CUSIP 053499AH2 / ISIN US053499AH24 |
| ☐ | 9.00% First Lien Notes due 2019 (REGS) | CUSIP U05258AD7 / ISIN USU05258AD71 |
| **Class 4 (Second Lien Notes Claims)** | | |
| ☐ | 10.50% Second Lien Notes due 2021 (144A) | CUSIP 053499AJ8 / ISIN US053499AJ89 |
| ☐ | 10.50% Second Lien Notes due 2021 (REGS) | CUSIP U05258AE5 / ISIN USU05258AE54 |

## <u>Exhibit 3D</u>

**Form General Unsecured Creditor Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                          |     |                          |
| ------------------------ | --- | ------------------------ |
| In re:                   | )   | Chapter 11               |
|                          | )   |                          |
| AVAYA INC., *et al.*[1]  | )   | Case No. 17-10089 (SMB)  |
|                          | )   |                          |
| Debtors.                 | )   | (Jointly Administered)   |
|                          | )   |                          |

**GENERAL UNSECURED CREDITOR BALLOT FOR VOTING
TO ACCEPT OR REJECT THE FIRST AMENDED JOINT CHAPTER 11
PLAN OF REORGANIZATION OF AVAYA INC. AND ITS DEBTOR AFFILIATES**

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,
and returned so as to be actually received by the Notice and Claims Agent by <u>October 27, 2017
at 5:00 p.m.</u> Prevailing Eastern Time (the "<u>Voting Deadline</u>") in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as may be amended from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2017 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are a Holder of an Allowed General Unsecured Claim as of **<u>August 25, 2017</u>** (the "<u>Voting Record Date</u>"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.

Your rights are described in the Disclosure Statement, which was included in the package (the "<u>Solicitation Package</u>") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

(the "Notice and Claims Agent") at no charge by:  (i) accessing the Debtors' restructuring website with the Notice and Claims Agent at https://cases.primeclerk.com/avaya; (ii) writing to the Notice and Claims Agent at Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; (iii) calling the Notice and Claims Agent at (855) 252-2156; (iv) emailing avayaballots@primeclerk.com; or (v) submitting an inquiry at https://cases.primeclerk.com/avaya/Home-SubmitInquiry;    or    (b)    for    a    fee    via    PACER    at http://www.nysb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain elections and certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent **immediately** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in the Class of Claims under the Plan indicated in Item 1 below.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Claims in the class indicated below in the following aggregate amount (insert amount in box below):

Class: _____

Debtor:_____

Voting Amount: $_____

**Item 2. Important information regarding the Third Party Release.**

**Article VIII.D of the Plan contains the following provision:**[2]

       **As of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the DIP Financing, the Plan Support Agreement, the PBGC Settlement, the Avaya Salaried Pension Plan and the termination thereof, any Claims or Causes of Action that may exist with respect to all Released Parties as of the Confirmation Date or, with respect to PBGC, as of the termination of the Avaya Salaried Pension Plan, on account of the Avaya Hourly Pension Plan or the Avaya Salaried Pension Plan, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, or any other action or transaction relating in any way to any of the foregoing, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or any other related agreement, or upon any other act or omission,**

---

2    The definition of Releasing Party is set forth in Article VII.H.4 of the Disclosure Statement.  The Released Parties are set forth in Article VIII.B.1 of the Disclosure Statement.

KE 48464595

**transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Confirmation Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan other than with respect to the termination of the Avaya Salaried Pension Plan, for which the foregoing "Third Party Release" shall be effective with respect to any Claim or Cause of Action arising prior to or as of the termination of the Avaya Salaried Pension Plan. Notwithstanding anything contained herein, the foregoing Third Party Release (a) is applicable only to the maximum extent permitted by law (b) does not release any Causes of Action held by the PBGC against any Entity arising from a breach of fiduciary duty under Title I of ERISA, and (c) does not release any obligations to maintain the Avaya Hourly Pension Plan after the Effective Date in accordance with Article IV.S.**

*    *    *    *    *

<u>**If you vote to accept the Plan, you will be deemed to consent to the Third Party Release.**</u>

<u>**Item 3**</u>.  **Vote on Plan.**

The Holder of the Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| <u>**ACCEPT**</u> (vote FOR) the Plan | <u>**REJECT**</u> (vote AGAINST) the Plan |

**Election to receive Reorganized Holdco Common Stock rather than Cash under the Plan.**  Whether or not a Holder of the Claim in the Class set forth in Item 1 votes to accept or reject the Plan, or chooses not to vote on the Plan at all, such Holder of the Claim against the Debtors set forth in Item 1 has the option to elect to receive a distribution in the form of Reorganized HoldCo Common Stock in a value equivalent to the amount of Cash such Holder would have otherwise received (with the number of shares being calculated based on the Reorganized Avaya Total Enterprise Value) rather than receive its Pro Rata distribution of Cash from the General Unsecured Recovery Cash Pool, but that choice may <u>only</u> be exercised through this Ballot.  If this choice is not exercised in this Ballot, the Holder of the Claim in the Class set forth in Item 1 will receive the distribution of Cash from the General Unsecured Recovery Cash Pool, as described in the Disclosure Statement.

> ☐ **Opt for Reorganized HoldCo Common Stock.**  I hereby elect to receive a distribution in the form of Reorganized HoldCo Common Stock in a value equivalent to the amount of Cash I would have otherwise received from the Pro Rata distribution of Cash from the General Unsecured Recovery Cash Pool (with the number of shares being calculated based on the Reorganized Avaya Total Enterprise Value), and understand that I will thereby not be participating in Cash distributions from the General Unsecured Recovery Cash Pool, as described in the Disclosure Statement.

<u>**Item 4**</u>.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)  **that, as of the Voting Record Date, either:  (i) the Entity is the Holder of the Claims being voted on this Ballot; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims being voted on this Ballot;**

(b)  **that the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;**

3

(c)  that the Entity, if it votes in favor of the Plan, will be deemed to have consented to the Third Party Release;

(d)  that the Entity has cast the same vote with respect to all its Claims in a single Class; and

(e)  that no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | *(Print or Type)* |
| Signature: | |
| Name of Signatory: | |
| | *(If other than Holder)* |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**Please complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first class mail, overnight courier, hand-delivery to:**

**Avaya Inc. Ballot Processing**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 3rd Floor,**
**New York, NY 10022**

**Alternatively, to submit your Ballot via the Notice and Claims Agent's online balloting portal, visit https://cases.primeclerk.com/avaya. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Notice and Claims Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Notice and Claims Agent's online portal should NOT also submit a paper Ballot.**

4

**If the Notice and Claims Agent does not actually receive this Ballot on or before <u>October 27, 2017, at 5:00 p.m.</u> prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

KE 48464595

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of General Unsecured Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot or use the online balloting portal as described below. **Ballots will not be accepted by facsimile or any other electronic means (other than via the online balloting portal).**

4. **Use of Hard Copy Ballot.** To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre addressed envelope or via first class mail, overnight courier, or hand delivery to Avaya Inc. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022 in accordance with paragraph 6 below.

5. **Use of Online Ballot Portal**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at http://cases.primeclerk.com/avaya (click "Submit E-Ballot" link). You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Your Ballot **must** be returned to the Notice and Claims Agent so as to be **actually received** by the Notice and Claims Agent on or before the Voting Deadline. The Voting Deadline is **October 27, 2017, at 5:00 p.m.** prevailing Eastern Time.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. **Additionally, the following Ballots will not be counted**:

    (a) any Ballot that partially rejects and partially accepts the Plan;
    (b) Ballot sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors;
    (c) Ballot sent by facsimile or any electronic means other than via the online balloting portal;
    (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (e) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
    (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g) any unsigned Ballot;
    (h) any non-original Ballot (excluding those Ballots submitted via the online balloting portal); and/or any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Ballot to the Notice and Claims Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent **actually receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.   If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots; provided that a Holder may not change its vote in a previously cast Ballot from acceptance to rejection or from rejection to acceptance without first obtaining authority from the Bankruptcy Court pursuant to the requirements of and in compliance with Bankruptcy Rule 3018(a). Accordingly, a Ballot changing a vote in a previously submitted Ballot without authority from the Bankruptcy Court will not be counted.

10.   You must vote all of your Claims within a Class either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Claims within a Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within such Class for the purpose of counting votes.

11.   This Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12.   **Please be sure to sign and date your Ballot**.

13.   If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes **only** your Claims indicated on that ballot, so please complete and return each ballot that you received.

### Please return your Ballot promptly

**If you have any questions regarding this Ballot, these Voting Instructions or the Procedures for Voting, please call the restructuring hotline at (855) 252-2156 or email avayaballots@primeclerk.com.**

---

| |
|---|
| **If the Notice and Claims Agent does not actually receive this Ballot on or before the Voting Deadline, which is on October 27, 2017, at 5:00 p.m. Prevailing Eastern Time, (and if the Voting Deadline is not extended), your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.** |

7

## Exhibit 4

**Non-Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.: Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Attn.:    James H.M. Sprayregan, P.C.<br>               Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:    Patrick J. Nash, Jr., P.C.<br>               Ryan Preston Dahl<br>               Bradley Thomas Giordano |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.: Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:    Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn: David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |
| **Administrative agent under the Debtors' Domestic ABL Credit Agreement** | **Counsel to the agent under the Debtors' Domestic ABL Credit Agreement** |
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn: Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |

KE 48464595

| Indenture trustee under the Debtors' 7.00% Senior Secured Notes | Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes |
|---|---|
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259 Attn:  J. Christopher Howe | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| Indenture trustee under the Debtors' 9.00% Senior Secured Notes | Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes |
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259, Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| Indenture trustee under the Debtors' Second Lien Notes | Counsel to the indenture trustee of the Debtors' Second Lien Notes |
| Wilmington Savings Fund Society, FSB 500 Delaware Avenue, 11th Floor Wilmington, Delaware 19801 Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, New York 10007 Attn: Andrew Goldman |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

**Article VIII** of the Plan contains Release, Exculpation, and
Injunction Provisions, and **Article VIII.D contains a Third-Party Release**.
**Pursuant to the Plan, you are deemed to accept the Plan and therefore are
deemed to have consented to the Releases set forth in Article VIII. You are advised
to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with
respect to your rights under the Plan or about anything stated herein or if you would like
to obtain additional information, contact the Notice and Claims Agent.**

---

3

KE 48464595

Dated:  [●], 2017           _____
New York, New York         James H.M. Sprayregen, P.C.
                              Jonathan S. Henes, P.C.
                              KIRKLAND & ELLIS LLP
                              KIRKLAND & ELLIS INTERNATIONAL LLP
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone:     (212) 446-4800
                              Facsimile:     (212) 446-4900

                              - and -

                              Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                              Ryan Preston Dahl (admitted *pro hac vice*)
                              Bradley Thomas Giordano (admitted *pro hac vice*)
                              KIRKLAND & ELLIS LLP
                              KIRKLAND & ELLIS INTERNATIONAL LLP
                              300 North LaSalle Street
                              Chicago, Illinois 60654
                              Telephone:     (312) 862-2000
                              Facsimile:     (312) 862-2200

                              *Counsel to the Debtors and Debtors in Possession*

KE 48464595

## **Exhibit 5**

**Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS AND EQUITY INTERESTS DEEMED TO REJECT THE PLAN

     **PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

     **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

     **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.: Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Attn.:   James H.M. Sprayregan, P.C.<br>          Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn.:   Patrick J. Nash, Jr., P.C.<br>          Ryan Preston Dahl<br>          Bradley Thomas Giordano |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.: Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:   Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn: David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |
| **Administrative agent under the Debtors' Domestic ABL Credit Agreement** | **Counsel to the agent under the Debtors' Domestic ABL Credit Agreement** |
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn: Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |

KE 48464595

| Indenture trustee under the Debtors' 7.00% Senior Secured Notes | Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes |
|---|---|
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259 Attn:  J. Christopher Howe | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' 9.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259, Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' Second Lien Notes** | **Counsel to the indenture trustee of the Debtors' Second Lien Notes** |
| Wilmington Savings Fund Society, FSB 500 Delaware Avenue, 11th Floor Wilmington, Delaware 19801 Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, New York 10007 Attn: Andrew Goldman |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

> **Article VIII** of the Plan contains Release, Exculpation, and
> Injunction Provisions, and **Article VIII.D contains a Third-Party Release.**
> **Pursuant to the Plan, you are deemed to reject the Plan and therefore are not
> deemed to have consented to the Releases set forth in Article VIII.  You are advised
> to review and consider the Plan carefully because your rights might be affected thereunder.**
>
> **This Notice is being sent to you for informational purposes only.  If you have questions with
> respect to your rights under the Plan or about anything stated herein or if you would like
> to obtain additional information, contact the Notice and Claims Agent.**

KE 48464595

Dated:  [●], 2017
New York, New York

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

KE 48464595

## **Exhibit 6**

**Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent") by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

KE 48464595

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

1.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.  the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the *Notice of Entry of Order Approving: (I) Adequacy of the Disclosure Statement; (II) the Solicitation and Notice Procedures; (III) Form of Ballots and Notices in Connection Therewith; (IV) Certain Dates with Respect Thereto; and (V) the Second Lien Call Procedures* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one (1) business day thereafter, the Notice and Claims Agent shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Notice and Claims Agent no later than the Voting Deadline, which is on **October 27, 2017, at 5:00 p.m.**, prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Notice and Claims Agent in accordance with the instructions provided above.

Dated:  [●], 2017  
New York, New York

_____

James H.M. Sprayregen, P.C.  
Jonathan S. Henes, P.C.  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ryan Preston Dahl (admitted *pro hac vice*)  
Bradley Thomas Giordano (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

KE 48464595

**<u>Exhibit 7</u>**

**Cover Letter**

[LETTERHEAD]

[DATE]

<u>Via First Class Mail</u>

<u>RE</u>:    <u>**In re Avaya Inc.,** **et al.,**</u>
        <u>**Chapter 11 Case No. 17-10089 (SMB)**</u>

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") on January 19, 2017.

You have received this letter and the enclosed materials because you are entitled to vote on the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").  On [●], 2017 the Court entered an order (the "<u>Disclosure Statement Order</u>"), (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "<u>Disclosure Statement</u>")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

> **You are receiving this letter because you are entitled to**
> **vote on the Plan.  Therefore, you should read this letter**
> **carefully and discuss it with your attorney.  If you do**
> **not have an attorney, you may wish to consult one.**

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229).  The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

a.  a copy of the Solicitation and Voting Procedures;

b.  a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

c.  this letter;

d.  the Disclosure Statement, as approved by the Bankruptcy Court (and exhibits thereto, including the Plan);

e.  the Disclosure Statement Order (excluding the exhibits thereto except the Solicitation and Voting Procedures);

f.  the notice of the hearing to consider confirmation of the Plan;

g.  a letter from the Committee encouraging the Holders of Claims in Class 6 to accept the Plan; and

h.  such other materials as the Court may direct.

Avaya Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in these Chapter 11 Cases.

> **The Debtors strongly urge you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot.**
>
> **Voting Deadline is <u>October 27, 2017, at 5:00 P.M.</u> prevailing Eastern Time.**

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Prime Clerk LLC the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "<u>Notice and Claims Agent</u>"), by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov. Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **<u>not</u>** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____

## **Exhibit 8**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF HEARING TO CONSIDER
## CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
## DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

> **Please be advised**:  The Confirmation Hearing may be continued from time to time by the Court or the Debtors **without further notice** other than by such adjournment being announced in open court, by Agenda Filed with the Court, and by a Notice of Adjournment Filed with the Court and served on all parties entitled to notice.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **August 25, 2017** (the "Voting Record Date"), which is the date for determining which Holders of Claims in Classes 3, 4, 5, and 6 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **October 27, 2017, at 5:00 p.m.** prevailing Eastern Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it (or the Master Ballot submitted on your behalf, as applicable) is **actually received** by the Debtors' notice and claims agent, Prime Clerk LLC (the "Notice and Claims Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **Article VIII** of the Plan contains Release, Exculpation, and Injunction provisions, and **Article VIII.D contains a Third-Party Release**.  You are advised to review and consider the Plan carefully because your rights might be affected thereunder.

**Plan Objection Deadline**.    The deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.:  Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Attn.:    James H.M. Sprayregan, P.C.<br>              Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:    Patrick J. Nash, Jr., P.C.<br>              Ryan Preston Dahl<br>              Bradley Thomas Giordano |

KE 48464595

| United States Trustee | Counsel to the Committee |
|---|---|
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.:  Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:     Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn:  David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |
| **Administrative agent under the Debtors' Domestic ABL Credit Agreement** | **Counsel to the agent under the Debtors' Domestic ABL Credit Agreement** |
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn:  Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |
| **Indenture trustee under the Debtors' 7.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A.,<br>525 William Penn Place, 38th Floor,<br>Pittsburgh PA 15259<br>Attn:  J. Christopher Howe | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Glenn E. Siegel; Joshua Dorchak;<br>Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' 9.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A.,<br>525 William Penn Place, 38th Floor,<br>Pittsburgh PA 15259,<br>Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Glenn E. Siegel; Joshua Dorchak;<br>Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' Second Lien Notes** | **Counsel to the indenture trustee of the Debtors' Second Lien Notes** |
| Wilmington Savings Fund Society, FSB<br>500 Delaware Avenue, 11th Floor<br>Wilmington, Delaware 19801<br>Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Attn: Andrew Goldman |

3

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a flash drive or CD-ROM), please feel free to contact the Debtors' Notice and Claims Agent, by: (a) calling the Debtors' restructuring    hotline at   (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:   http://www.nysb.uscourts.gov.  Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **[●], 2017** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**Binding Nature of the Plan**:

**If confirmed, the Plan shall bind all Holders of Claims and Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 Cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

---

KE 48464595

Dated:  [●], 2017
New York, New York

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

KE 48464595

## **Exhibit 9**

**Plan Supplement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order (the "<u>Disclosure Statement Order</u>"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "<u>Disclosure Statement</u>")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Second Lien Call Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement with the Court on [●], 2017 [Docket No. [●]]. The Plan Supplement includes the following materials in connection with confirmation (each as defined in the Plan): (a) Reorganized HoldCo Organizational Documents; (b) the Rejected Executory Contracts and Unexpired Leases Schedule; (c) the Assumed Executory Contract/Unexpired Lease Schedule; (d) the identity of the members of the Reorganized HoldCo Board and executive management for Reorganized HoldCo; (e) a schedule of retained Causes of Action; (f) the Management Equity

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

Incentive Plan; (g) the Executive Employee Agreements; (h) the Advisory Agreement; and (h) the New Reorganized Debt Documents.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.:  Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Attn.:    James H.M. Sprayregan, P.C.<br>               Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:    Patrick J. Nash, Jr., P.C.<br>               Ryan Preston Dahl<br>               Bradley Thomas Giordano |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.:  Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:    Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn:  David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |

KE 48464595

| Administrative agent under the Debtors' Domestic ABL Credit Agreement | Counsel to the agent under the Debtors' Domestic ABL Credit Agreement |
|---|---|
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn:  Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |
| **Indenture trustee under the Debtors' 7.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A.,<br>525 William Penn Place, 38th Floor,<br>Pittsburgh PA 15259<br>Attn:  J. Christopher Howe | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Glenn E. Siegel; Joshua Dorchak;<br>Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' 9.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A.,<br>525 William Penn Place, 38th Floor,<br>Pittsburgh PA 15259,<br>Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Glenn E. Siegel; Joshua Dorchak;<br>Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' Second Lien Notes** | **Counsel to the indenture trustee of the Debtors' Second Lien Notes** |
| Wilmington Savings Fund Society, FSB<br>500 Delaware Avenue, 11th Floor<br>Wilmington, Delaware 19801<br>Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Attn: Andrew Goldman |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 252 - 2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

Dated:  [●], 2017
New York, New York

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

4

## Exhibit 10

**Notice of Assumption of Executory Contracts and Unexpired Leases**

KE 48464595

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AVAYA INC., *et al.*[1] | ) ) | Case No. 17-10089 (SMB) |
| Debtors. | ) ) ) | (Jointly Administered) |

## NOTICE OF (A) EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS
## PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY,
## AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Second Lien Call Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Assumed Executory Contract/Unexpired Lease Schedule* (the "Assumption Schedule") with the Court as part of the Plan Supplement on [●], 2017, as contemplated under the Plan. The determination to assume the agreements identified on the Assumption Schedule was made as of [●], 2017 and is subject to revision.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed on **Exhibit A**, attached hereto, to which you are a party.[3]

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the table above. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. Any objection by a contract or lease counterparty to a proposed assumption or related cure cost must be filed, served, and actually received by the Debtors by the date on which objections to confirmation are due (or such other date as may be provided in the applicable assumption notice). Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure cost will be deemed to have assented to such assumption or cure cost. Any objection to a proposed assumption or cure amount will be scheduled to be heard by the Bankruptcy Court at the Reorganized Debtors' first scheduled omnibus hearing after which such objection is timely filed. If an objection to the proposed assumption or related cure amount is sustained by the Court, the

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

2

Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it. The Debtors, in consultation with the Requisite Lenders, may settle any dispute regarding the amount of any cure cost without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.: Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Attn.:    James H.M. Sprayregan, P.C.<br>            Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn.:   Patrick J. Nash, Jr., P.C.<br>            Ryan Preston Dahl<br>            Bradley Thomas Giordano |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.: Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:    Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn: David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |
| **Administrative agent under the Debtors' Domestic ABL Credit Agreement** | **Counsel to the agent under the Debtors' Domestic ABL Credit Agreement** |
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn: Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |

KE 48464595

| Indenture trustee under the Debtors' 7.00% Senior Secured Notes | Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes |
|---|---|
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259 Attn: J. Christopher Howe | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' 9.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259, Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| **Indenture trustee under the Debtors' Second Lien Notes** | **Counsel to the indenture trustee of the Debtors' Second Lien Notes** |
| Wilmington Savings Fund Society, FSB 500 Delaware Avenue, 11th Floor Wilmington, Delaware 19801 Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, New York 10007 Attn: Andrew Goldman |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date of the Debtors or Reorganized Debtors assume such Executory Contract or Unexpired Lease. Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact

4

Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

*[Remainder of Page Intentionally Left Blank]*

KE 48464595

Dated:  [●], 2017
New York, New York

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

KE 48464595

**Exhibit A**

| Debtor Obligor | Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, If Any |
|---|---|---|---|
|  |  |  |  |

## Exhibit 11

**Notice of Rejection of Executory Contracts and Unexpired Leases**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVAYA INC., *et al.*[1] | ) Case No. 17-10089 (SMB) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE REGARDING EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Disclosure Statement Order"), (a) authorizing Avaya Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates* (the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Second Lien Call Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Rejected Executory Contract/Unexpired Lease Schedule* (the "Rejection Schedule") with the Court as part of the Plan Supplement on [●], 2017, as contemplated under the Plan. The determination to reject the agreements identified on the Rejection Schedule was made as of [●], 2017 and is subject to revision.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

> **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be rejected pursuant to the Plan.  Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 15, 2017, at 10:00 a.m.** prevailing Eastern Time, before the Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within **30 days** after the date of service of the order of the Bankruptcy Court (including the Confirmation Order) approving such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, their Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 1, 2017, at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the LBRs, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 1, 2017, at 4:00  p.m.** prevailing Eastern Time:

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

---

[3]     Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract/Unexpired Lease Schedule, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

2

| Debtors | Counsel to the Debtors |
|---|---|
| Avaya Inc.<br>4655 Great America Parkway<br>Santa Clara, CA 95054<br>Attn.: Elizabeth McCarthy | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Attn.:    James H.M. Sprayregan, P.C.<br>         Jonathan S. Henes<br><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn.:    Patrick J. Nash, Jr., P.C.<br>         Ryan Preston Dahl<br>         Bradley Thomas Giordano |
| **United States Trustee** | **Counsel to the Committee** |
| Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn.: Susan Golden | Morrison & Foerster LLP<br>250 West 55th Street<br>New York, New York 10019-9601<br>Attn:    Lorenzo Marinuzzi; Erica J. Richards |
| **Administrative agent under the Debtors' Cash Flow Credit Agreement** | **Counsel to the agent under the Debtors' Cash Flow Credit Agreement** |
| Citibank, National Association,<br>1615 Brett Road OPS III,<br>New Castle, Delaware 19720,<br>Attn: David Leland | Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible; Aryeh Falk |
| **Administrative agent under the Debtors' Domestic ABL Credit Agreement** | **Counsel to the agent under the Debtors' Domestic ABL Credit Agreement** |
| Citicorp USA, Inc.,<br>390 Greenwich St., 1/F,<br>New York, New York 10013<br>Attn: Brendan Mackay | Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>Attn: J. Eric Ivester; Christopher M. Dressel |
| **Indenture trustee under the Debtors' 7.00% Senior Secured Notes** | **Counsel to the indenture trustee under the Debtors' 7.00% Senior Secured Notes** |
| The Bank of New York Mellon Trust Company, N.A.,<br>525 William Penn Place, 38th Floor,<br>Pittsburgh PA 15259<br>Attn: J. Christopher Howe | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Glenn E. Siegel; Joshua Dorchak;<br>Rachel Jaffe Mauceri |

3

KE 48464595

| Indenture trustee under the Debtors' 9.00% Senior Secured Notes | Counsel to the indenture trustee under the Debtors' 9.00% Senior Secured Notes |
|---|---|
| The Bank of New York Mellon Trust Company, N.A., 525 William Penn Place, 38th Floor, Pittsburgh PA 15259, Attn: Mellissa Urishko | Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178 Attn: Glenn E. Siegel; Joshua Dorchak; Rachel Jaffe Mauceri |
| Indenture trustee under the Debtors' Second Lien Notes | Counsel to the indenture trustee of the Debtors' Second Lien Notes |
| Wilmington Savings Fund Society, FSB 500 Delaware Avenue, 11th Floor Wilmington, Delaware 19801 Attn: Geoffrey J. Lewis | Wilmer Cutler Pickering Hale and Dorr LLP 7 World Trade Center 250 Greenwich Street New York, New York 10007 Attn: Andrew Goldman |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in these Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 252-2156; (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/avaya; and/or (c) writing to Prime Clerk LLC, Attn: Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov.

---

**Article VIII** of the Plan contains Release, Exculpation, and
Injunction Provisions, and **Article VIII.D contains a Third-Party Release**.
Pursuant to the Plan, you are deemed to accept the Plan and therefore are
deemed to have consented to the Releases set forth in Article VIII.  You are advised
to review and consider the Plan carefully because your rights might be affected thereunder.

This Notice is being sent to you for informational purposes only.  If you have questions with
respect to your rights under the Plan or about anything stated herein or if you would like
to obtain additional information, contact the Notice and Claims Agent.

---

KE 48464595

Dated:  [●], 2017
New York, New York

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Debtor Obligor | Counterparty Name | Description of Contract |
|---|---|---|
|  |  |  |

## Exhibit 12

**Second Lien Call Procedures**

[FILED SEPARATELY]

KE 48464595