UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) AUTHORIZING THE
DEBTORS TO ENTER INTO AND PERFORM UNDER
A PLAN SUPPORT AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Avaya, Inc. ("Avaya") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing and approving the entry of an order pursuant to sections 363 of the Bankruptcy Code authorizing the Debtors to enter into and perform under the Plan Support Agreement attached hereto as **Exhibit 1** (the "Plan Support Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon a finding that negotiation of, and entry into, the Plan

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is: 4655 Great America Parkway, Santa Clara, CA 95054.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion or the Plan Support Agreement, as applicable.

Support Agreement does not constitute a solicitation for purposes of sections 1125 and 1126 of the Bankruptcy Code; and it appearing that the relief requested in the Motion will benefit the Debtors' estates, their creditors and all other parties in interest; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to enter into the Plan Support Agreement and perform thereunder, and the Plan Support Agreement is approved in its entirety.

3. The Plan Support Agreement shall be binding and enforceable against each of the parties thereto in accordance with its terms.

4. Notwithstanding Section 10 of the Plan Support Agreement (as amended) to the contrary, the Debtors are authorized, but not directed, to enter into amendments to the Plan Support Agreement that are non-substantive or immaterial or that extend the Milestones from time to time as necessary, subject to the terms and conditions set forth in the Plan Support Agreement without further order of the Court. Within two (2) business days after the effective date of each such amendment, the Debtors will file a notice attaching a copy of any such amendments with the Court. For the avoidance of doubt, the Debtors shall seek Court approval of any material amendments to the Plan Support Agreement including, without limitation, any amendments providing for the payment of fees, expenses or other amounts by the Debtors to or on behalf of any creditor.

5. Notwithstanding Section 25(a) of the Plan Support Agreement, the "Fiduciary Duties/Relationship Among the Holder Parties" shall read as follows: "Notwithstanding anything

to the contrary herein, nothing in this Agreement shall require any of the Debtors, or any of their directors or officers, including with respect to each subsidiary, to take or refrain from taking any action such person or entity reasonably determines in good faith (after consultation with outside counsel) is required to comply with its or their fiduciary duties under applicable law."

6. The Debtors' entry into the Plan Support Agreement shall not constitute a solicitation of votes of the Holder Parties in violation of section 1125(b) of the Bankruptcy Code.

7. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all terms and provisions of the Plan Support Agreement and this Order, including, without limitation, to permit any notices contemplated by and in accordance with the Plan Support Agreement without further order of the Court.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: August 25, 2017

                                       /s/ STUART M. BERNSTEIN
                                       THE HONORABLE STUART M. BERNSTEIN
                                       UNITED STATES BANKRUPTCY JUDGE