Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858

And

Shawn M. Christianson, Esq. (CSB #114707)
Valerie Bantner Peo, Esq. (CSB # 260430)
**BUCHALTER, A Professional Corporation**
55 Second Street, 17th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900

Hearing Date: November 28, 2017
Hearing Time: 2:00 PM
Objection Date: November 24, 2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**AVAYA, INC., et. al.,**<br><br>　　　　　　　　　　　Debtors. | **Chapter 11**<br><br>**Case No.   17-10089 (SMB)**<br><br>**Jointly Administered** |

**SERVICESOURCE INTERNATIONAL, INC.'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF AVAYA, INC. AND ITS DEBTOR AFFILIATES**

　　　　ServiceSource International, Inc. ("ServiceSource"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this limited objection and reservation of rights (the "Rights Reservation") regarding the *Second Amended Joint Plan of Reorganization of Avaya, Inc. and its Debtor Affiliates* ("Plan") filed by Avaya, Inc., *et al.* ("Debtors").

**I.      INTRODUCTION**

　　　　1.　　In connection with the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume, or assume and assign, certain executory contracts between the Debtors and ServiceSource.

2. ServiceSource objects to the proposed assumption, or assumption and assignment, only to the extent the Debtors fail to: (a) pay the required cure amount prior to assuming or assuming and assigning any ServiceSource contracts; or (b) provide adequate assurance of future performance.

3. Accordingly, ServiceSource reserves all its rights in connection with the Debtor's Plan and the contemplated assumption, or assumption and assignment, of its agreements with the Debtors.

## II. FACTUAL BACKGROUND

4. The above captioned case was filed on January 19, 2017 ("Petition Date") and an order directing joint administration was entered on January 20, 2017.

5. Prior to the Petition Date, ServiceSource and the Debtors entered into one or more Master Services Agreements (the "ServiceSource Agreements"), pursuant to which ServiceSource continues to provide services to the Debtors.

6. The Debtors filed the Plan on October 31, 2017. The Plan provides for all executory contracts to be assumed by the reorganized debtors by default, and sets forth procedures for assumption and rejection of executory contracts, as follows:

> On the Effective Date, except as otherwise provided herein, <u>all Executory Contracts or Unexpired Leases not otherwise assumed or rejected will be deemed assumed by the applicable Reorganized Debtor</u> in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than: (1) those that are identified on the Rejected Executory Contracts and Unexpired Leases Schedule; (2) those that have been previously rejected by a Final Order; (3) those that have been previously assumed by a Final Order; (4) those that are the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; (5) those that are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date; or (6) the Comfort Letters, which shall in all events be assumed by the Debtors pursuant to the Plan..

*See* Plan, Art. V., § A (emphasis added).

7. On November 13, 2017 the Debtors filed the *Plan Supplement for the Debtors Second Amended Joint Chapter 11 Plan of Reorganization of Avaya, Inc. and Its Debtor Affiliates* [Dkt. No. 1499] ("Plan Supplement").

8. Exhibit B to the Plan Supplement identifies those contracts which will be rejected; no Service Source contracts are identified.

9. Exhibit C to the Plan Supplement identifies those contracts which will be assumed through the Plan; again no ServiceSource contracts are identified.

10. Because the Plan provides for executory contracts not previously assumed or rejected to be assumed by default, ServiceSource believes the Debtors intend to assume the ServiceSource Agreements.

### III. ARGUMENT

#### (A) Absent Payment Of All Amounts Owed In Cure, The ServiceSource Agreements May Not Be Assumed Or Assumed And Assigned.

11. Section 365(b)(1) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee or debtor in possession may assume, or assume and assign, an executory contract, including (a) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (b) providing adequate assurance of future performance under the contract. Absent the foregoing, executory contracts may not be assumed.

12. The Debtors have not expressly identified any agreements between the Debtors and ServiceSource on Exhibit C to the Plan Supplement, and ServiceSource therefore concludes that the Debtors believe the appropriate cure amount is $0.00.

13. However, as of the date of this Rights Reservation, ServiceSource is owed amounts under the ServiceSource Agreements, and amounts will continue to accrue through the Plan Effective Date.

3

14. All amounts owed must be tendered in cure before the Debtors may assume the ServiceSource Agreements.

**(B)  Absent Adequate Assurance Of Future Performance, The ServiceSource Agreements May Not Be Assumed, Or Assumed And Assigned.**

15. Before assuming, or assuming and assigning, an executory contract, The Debtors must provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

16. ServiceSource is unable to determine whether Debtors have complied, or will comply, with the requirements of section 365(b)(1) because the Plan contemplates that the Debtors may assign executory contracts to a third party. *See*, Plan Art. V., § A ("Each Executory Contract … assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor ….").

17. Given that a potential third-party assignee may not be identified until after the Plan objection deadline, ServiceSource is unable to evaluate whether such assignee would be an acceptable ServiceSource customer, or whether the prerequisites of 11 U.S.C. § 365(b) will be met.

18. To satisfy 11 U.S.C. § 365(b), ServiceSource requests that the Debtors provide the following information about any third-party assignee(s): (a) financial bona fides; and (b) confirmation that the assignee is not a ServiceSource competitor.

19. Absent these assurances, ServiceSource cannot determine the assignee's creditworthiness, its suitability as a ServiceSource customer, or its ability to adequately perform under the terms of the ServiceSource Agreements.

## IV.    CONCLUSION

20.    For the reasons set forth above, ServiceSource objects to confirmation of the Debtors' Plan only to the extent that it does not obligate the Debtors to cure all defaults under and provide adequate assurance of future performance of the ServiceSource Agreements to be assumed, or assumed and assigned, and ServiceSource reserves all right to be heard on all issues set forth herein.

Dated:  November 24, 2017               Respectfully submitted,
        Huntington, New York

By:    /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
Email:    adoshi@magnozzikye.com

Shawn M. Christianson, Esq. (CSB # 114707)
Valerie Bantner Peo, Esq. (CSB # 260430)
**BUCHALTER, A Professional Corporation**
55 Second Street, 17th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900

**Attorneys for ServiceSource International, Inc.**

5