...

                                                  **Hearing Date: November 28, 2017, at 2:00 p.m. (Eastern)**
                                     **Objection Deadline: November 24, 2017, at 4:00 p.m. (Eastern)**

**REED SMITH LLP**
Christopher Lynch, Esq.
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: clynch@reedsmith.com

    -and-

Kurt F. Gwynne, Esq. (*pro hac vice*)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7550
Facsimile:  (302) 778-7575
Email: kgwynne@reedsmith.com

*Counsel for the CenturyLink Entities*

**UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVAYA INC., *et al.*,[1] | ) | Case No. 17-10089 (SMB) |
| | ) | |
|         Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Avaya Inc. (3430); Avaya CALA Inc. (9365); Avaya EMEA Ltd. (9361); Avaya Federal Solutions, Inc. (4392); Avaya Holdings Corp. (9726); Avaya Holdings LLC (6959); Avaya Holdings Two, LLC (3240); Avaya Integrated Cabinet Solutions Inc. (9449); Avaya Management Services Inc. (9358); Avaya Services Inc. (9687); Avaya World Services Inc. (9364); Octel Communications LLC (5700); Sierra Asia Pacific Inc. (9362); Sierra Communication International LLC (9828); Technology Corporation of America, Inc. (9022); Ubiquity Software Corporation (6232); VPNet Technologies, Inc. (1193); and Zang, Inc. (7229) (together, the "Debtors"). The location of Debtor Avaya Inc.'s corporate headquarters and the Debtors' service address is:  4655 Great America Parkway, Santa Clara, CA 95054.

**LIMITED OBJECTION OF THE CENTURYLINK ENTITIES TO
CERTAIN CURE AMOUNTS SET FORTH IN THE SCHEDULE OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE
ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN**

CenturyLink Communications, LLC f/k/a Qwest Communications Company, LLC d/b/a CenturyLink QCC ("CenturyLink Communications"), Qwest Corporation d/b/a CenturyLink QC ("Qwest"), CenturyTel Service Group, LLC ("CenturyTel"), Embarq Management Company ("Embarq") and Savvis Communications Corporation ("Savvis", and together with CenturyLink Communications, Qwest, CenturyTel, and Embarq, the "CenturyLink Entities"), by and through their undersigned attorneys, file this objection to certain cure amounts asserted by the above-captioned debtors (the "Debtors"), and in support thereof, respectfully state as follows:

## FACTUAL & PROCEDURAL BACKGROUND

### A.     Procedural History

1. On January 19, 2017 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On May 31, 2017, the bankruptcy court entered the Order (I) Approving the Sale of the Debtors Networking Business Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances; (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement; and (III) Assume and Assign Certain Executory Contracts and Unexpired Leases [D.I. No. 684].

3. On October 24, 2017, the Debtors filed their Second Amended Joint Chapter 11 Plan of Reorganization of Avaya Inc. and its Debtor Affiliates ("Plan") [D.I. No. 1373].

4. On November 13, 2017, the Debtors filed their Plan Supplement including the Assumed Executory Contract and Unexpired Lease Schedule [D.I. No. 1499] (the "Cure Schedule"), which listed the Debtors asserted cure amounts for certain assumed contracts.

2

**B.    CenturyLink's Contracts with the Debtor**

5.     Prior to the Petition Date, the CenturyLink Entities and the Debtors entered into several executory contracts including:

- Qwest Total Advantage Agreement executed April 9, 2009 between Avaya, Inc. ("<u>Avaya</u>") and CenturyLink Communications (together with any applicable amendments, annexes, exhibits, schedules, attachments, addenda and other documents forming a part thereof, the "<u>QTAA</u>");

- Qwest Master Services Agreement executed August 4, 2006 between Avaya and Qwest (together with any applicable amendments, annexes, exhibits, schedules, attachments, addenda and other documents forming a part thereof, the "<u>QMSA</u>"); and

- Master Agreement dated February 5, 2010 between Avaya and CenturyTel (together with any applicable amendments, annexes, exhibits, schedules, attachments, addenda and other documents forming a part thereof, the "<u>CenturyTel Agreement</u>", and, collectively with the QTAA and the QMSA, the "<u>CenturyLink Agreements</u>").

**C.    The Cure Schedule and Plan**

6.     Article V.A of the Plan provides that "all Executory Contracts or Unexpired Leases not otherwise assumed or rejected will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code," except for certain categories of contracts not applicable here. As a result, the CenturyLink Entities expect that Avaya will assume all of the CenturyLink Agreements.

7. The Cure Schedule provides a cure amount of $133,312.44 for the QMSA, but provides no cure amounts for the QTAA or the CenturyTel Agreement.

8. Under the QMSA, Avaya currently owes Qwest **$344,721.07**, consisting of $175,841.75 in prepetition amounts due and $168,879.32 in post-petition amounts due.

9. Under the QTAA, Avaya currently owes CenturyLink Communications **$18,339.43**, consisting of $14,730.16 in prepetition amounts due and $3,609.27 in post-petition amounts due.

## II.    SUMMARY OF LIMITED OBJECTION

10. The CenturyLink Entities object to the Cure Notice and Plan as the Debtors must pay the actual cure amount for each contract they assume, including any charges that are due as of the date of assumption.

## III.    DEBTORS MUST CURE ANY DEFAULTS UNDER THE CONTRACT.

11. "[C]reditors also receive protection from the Bankruptcy Code. In order to assume an unexpired lease, the executory contract provision requires the bankruptcy trustee to cure defaults, 11 U.S.C. § 365(b)(1)(A), [and] compensate for losses, 11 U.S.C. § 365(b)(1)(B)." *Stoltz v. Brattleboro Hous. Auth. (In re Stoltz)*, 315 F.3d 80, 94 (2d Cir. 2002). The plain language of Section 365 "conditions the assumption on the cure of all defaults… ." *In re Euro-Swiss Int'l. Corp.,* 33 B.R. 872, 888 (Bankr. S.D.N.Y. 1983).

12. "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to insure that the contracting parties receive *the full benefit of their bargain . . . .*" *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (emphasis added).

13. As set forth above, the Debtors have noticed cure amounts that are significantly less than the actual amounts currently due under the QMSA and the QTAA. Additional amounts

4

may come due, or defaults arise, prior to the effective date of the Plan, which is the date set for the assumption of the CenturyLink Agreements. The Debtors must pay the full cure amount as of the date of the assumption.

14.  Accordingly, the CenturyLink Entities request that the court require the Debtors to pay all amounts due and owing under the CenturyLink Agreements as of the date of the assumption of the CenturyLink Agreements.

## IV.  THE CENTURYLINK AGREEMENTS MUST BE ASSUMED IN THEIR ENTIRETY.

15.  Section 365(a) provides, in relevant part, that "the trustee, subject to the court's approval, may assume or reject any executory contract." *See* 11 U.S.C. § 365(a).

16.  It is well established that when a debtor assumes an executory contract, it does so *cum onere*, with all of the benefits and burdens. *See NLRB v Bildisco and Bildisco*, 465 U.S. 513, 531 (1984) (debtor assumes executory contract *cum onere*); *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 24 (2d Cir. 1996) (quoting *Bildisco*); "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to insure that the contracting parties receive *the full benefit of their bargain* . . . ." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (emphasis added)., 232 B.R. 57, 63 (Bankr. S.D.N.Y. 1999) (It is "axiomatic" that an executory contract "must be assumed *cum onere*"); *see also In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996); *Leslie Fay Cos., Inc. v. Corporate Prop. Assocs. 3*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994).

17.  An executory contract cannot be "assumed in part and rejected in part." *AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F.Supp.2d 378, (S.D.N.Y. 2000) (debtor cannot assume "some of the provisions of an agreement and reject others, because under the law of bankruptcy a contract cannot be assumed in part or rejected in part"). "A debtor cannot

5

simply retain the favorable and excise the burdensome provisions of an agreement." *Kopel*, 232 B.R. at 63-64; *see Leslie Fay*, 166 B.R. at 808; *In re Village Rathskeller, Inc.*, 147 BR. 665, 671 (Bankr. S.D.N.Y. 1992).

18. In short, "[t]he law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, *without any diminution in its obligations or impairment of the rights of*" the other party "*in the present or the future*." Texaco, Inc. v. Bd. of Comm'rs (In re Texaco, Inc.), 254 B.R. 536, 550 & n.1 (S.D.N.Y. 2000) (emphasis added).

19. Accordingly, to the extent that the Plan, the confirmation order or any similar document purports to provide for the assumption of only a portion of any of the CenturyLink Agreements, the CenturyLink Entities object to such partial assumption.

WHEREFORE, the CenturyLink Entities respectfully request that this Court enter an Order (i) setting the cure amounts to the amounts set forth above, and (ii) granting such further relief to the CenturyLink Entities as is appropriate.

Dated:  November 24, 2017

Respectfully submitted,

By:  */s/ Christopher Lynch*
Christopher Lynch, Esquire (No. CL3290)
REED SMITH LLP
599 Lexington Avenue, Floor 22
New York, NY 10022
Phone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: clynch@reedsmith.com

and

Kurt F. Gwynne, Esquire (*pro hac vice*)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Phone:  (302) 778-7500
Facsimile:  (302) 778-7575
E-mail:  kgwynne@reedsmith.com

*Counsel to the CenturyLink Entities*