```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :    Chapter 11
        AVAYA, INC., et al.,                     :    Case No.: 17-10089
                                                 :
                        Debtor.                  :
-------------------------------------------------X
```

## ORDER REGARDING NEW OKLAHOMA CITY LEASE

The debtors seek authority to terminate their current Oklahoma City lease (the "Old Lease") and to enter into a new lease at the same premises (the "New Lease") for approximately one-third of the amount of space rented under the Old Lease. The debtors also seek to seal certain information in the New Lease, although they have delivered only a redacted copy of their application and the New Lease to chambers. Nevertheless, the sealing motion tells us that the secret information includes such monetary terms as the rents under the Old and New Lease, the amount of the security deposit, the predicted operating costs paid by the debtor, the operating cost cap, construction allowance and the potential renewal rate. Non-monetary secret terms include the parties' inspection rights, minimum general liability insurance, hazardous materials representations and certain construction management and supervision representations. The justification for sealing this information is contained in one conclusory sentence: "Disclosing the Confidential Terms could jeopardize the Debtors' ability to obtain, and the Landlord's ability to negotiate more favorable terms with other potential tenants."

The applications to seal the information and approve the New Lease are denied. Under 11 U.S.C. § 107(a), any paper filed in a case is a public record and open to examination. Section 107(a) reinforces the general presumption in favor of public filing. *Geltzer v. Andersen Worldwide, S.C.*, No. 05 Civ. 3339(GEL), 2007 WL 273526 at *3 (S.D.N.Y. Jan. 30, 2007) (Lynch, J.). Section 107(b) contains an exception to public disclosure to protect, *inter alia*, "commercial information." "Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982)).

"Commercial information" does not include information designed to protect a party's negotiating leverage in other matters. *Id.* at *4 (sealing information to protect negotiating leverage "is a wan excuse for impinging on the public's right of access to judicial documents."); *In re Quigley Co.*, 437 B.R. 102, 153 (Bankr. S.D.N.Y. 2010) (same); *In re Northwest Airlines Corp.,* 363 B.R. 704, 708 & n. 8 (Bankr. S.D.N.Y. 2007) (rejecting argument by *ad hoc* committee of equity security holders that its

members should be relieved of disclosure obligations required under Federal Bankruptcy Rule 2019 because disclosure would reveal their investment strategies and damage their bargaining positions).  Even if it did, the debtors have failed to sustain their burden of proving that the disclosure of the concealed information will impair the landlord's negotiating leverage or place it at a disadvantage with its competitors.  The debtors are bargaining for a specific area in the premises, and have not shown that the deal they struck will affect the deals the landlord may reach or attempt to reach for different space in the same premises.

      So ordered.

Dated:  New York, New York
        December 12, 2017

                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                  United States Bankruptcy Judge